HUBBARD *v.* UNEMPLOYMENT COMPENSATION COMMISSION.

1. UNEMPLOYMENT COMPENSATION—VACATION WITH PAY.

   Whether or not receipt of payments by employees in the form of "vacation with pay" disqualified them from benefits under the unemployment compensation act may be a question of fact, but where the facts are not in dispute, their significance in the light of the statute and the contract between the employer and the union of the employees raises a question of law (CL 1948, § 421.29).

2. SAME—BONUS IN LIEU OF VACATION—DISQUALIFICATION FOR BENEFITS.

   Employees who are entitled to payments in December and termed "bonus in lieu of vacation," pursuant to contract between employer and union of the employees, irrespective of whether or not vacations were actually taken were not disqualified from benefits under the unemployment compensation act for period during which plant was closed by employer for vacation purposes from June 27th to July 14th as the payments received were in the nature of a bonus (CL 1948, § 421.29).

3. SAME—VACATION—VOLUNTARY UNEMPLOYMENT.

   Whether a vacation, within the meaning of the unemployment compensation act, may result from the unilateral action of either the employer or the employee, respectively, without the consent of the other, or only by agreement between them

---

REFERENCES FOR POINTS IN HEADNOTES

[1–6, 8] Generally as to persons entitled to unemployment insurance, see 48 Am Jur, Social Security, Unemployment Insurance, and Retirement Funds, § 34.

[9] 14 Am Jur, Costs, §§ 23, 91.

bears on the question of whether unemployment for the given
period was voluntary or involuntary (CL 1948, § 421.29).

4. SAME—DISQUALIFICATION FOR BENEFITS—INVOLUNTARY UNEM-
PLOYMENT.
　　An employee is disqualified for benefits under the unemployment
　　compensation act even where unemployment is involuntary
　　if the employer gives him pay with respect to such period
　　(CL 1948, § 421.29).

5. SAME—DISQUALIFICATION FOR BENEFITS—BONUS IN LIEU OF VA-
CATION.
　　Description of payment in December, in union's contract with
　　employer, as a bonus in lieu of vacation is not construed as
　　"vacation with pay" where label given is consonant with all
　　the other provisions of the contract, hence employees who
　　were unemployed for 2-week period because employer closed
　　plant and were paid such bonus were not disqualified for
　　unemployment benefits (CL 1948, § 421.29).

6. SAME—DISQUALIFICATION FOR BENEFITS—UNION CONTRACT—BO-
NUS IN LIEU OF VACATION.
　　Employees' acceptance of bonus in lieu of vacation in previous
　　years cannot be construed as a variance of their union's con-
　　tract with the employer, providing for graduated payments
　　according to duration of service, where evidence shows the
　　employees who had taken the vacations did so voluntarily,
　　acceptance of the payments was in accordance with the con-
　　tract and unemployment compensation act does not indicate
　　that employees' failure to protest or resist employer's closing
　　of plant for 2-week period in June and July should be deemed ·
　　to render resultant unemployment voluntary, hence pay-
　　ment may not be construed as a payment for vacation period
　　imposed upon the employees by the employer and thereby
　　disqualify the employees for benefits (CL 1948, § 421.29).

7. CONTRACTS—VARYING TERMS OF WRITTEN CONTRACT—ACTION OF
PARTIES.
　　Acts of parties consistent with, permissible under, or expressly
　　provided for, in a written contract cannot serve to vary its
　　terms.

8. UNEMPLOYMENT COMPENSATION—DISQUALIFICATION FOR BENEFITS
—VOLUNTARY UNEMPLOYMENT—GREAT WEIGHT OF EVIDENCE.
　　Decision of appeal board of the unemployment compensation
　　commission that 3 of 45 employees were ineligible for benefits
　　during 2-week period employer had closed plant for vacation

not provided for in union contract, because their unemployment was voluntary *held,* contrary to the great weight of the evidence and without basis in fact (CL 1948, §§ 421.29, 421.-38).

9. Costs—Public Question—Unemployment Compensation.
No costs are allowed on appeal involving determination as to eligibility of employees for benefits under the unemployment compensation act, where they had received a bonus in lieu of vacation pursuant to their union's contract with employer, a public question being involved (CL 1948, § 421.29).

Appeal from Wayne; Brennan (Vincent M.), J. Submitted June 14, 1950. (Docket No. 47, Calendar No. 44,749.) Decided September 11, 1950.

Certiorari by Frank E. Hubbard and others to review order of appeal board of Unemployment Compensation Commission denying them unemployment compensation. Order reversed. Snyder Tool & Engineering Company, employer, appeals. Affirmed.

*Zwerdling & Zwerdling,* for plaintiffs.

*Stephen J. Roth,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Arthur W. Brown,* Assistant Attorney General, for Unemployment Compensation Commission.

*Miller, Canfield, Paddock & Stone,* for employer.

Dethmers, J. This case presents the same general question involved in *Renown Stove Company* v. *Unemployment Compensation Commission, ante,* 436.

Material facts of this case, differing somewhat from those in the *Renown Stove Company Case,* are as follows: On February 21, 1947, defendant employer posted on the plant bulletin board a notice

to all employees that the plant would be closed from June 27, 1947, to July 14, 1947, for the purpose of enabling employees to take vacations and that vacation payments covering that period would be made in accord with its contract with the employees' union. On June 27th employer closed the plant and kept it so until July 14th, when substantially all the employees returned to work there. In accord with the contract, 42 of the 45 employees here involved received, in December of 1947, a payment which employer terms "vacation pay" and employees insist was a "bonus." The remaining 3 employees received no such payment because they were not entitled to it under the contract. During the war years the employees, as a general rule, did not take vacations. Shortly before V-J Day in 1945 employer and the employees' union negotiated, and some time thereafter signed, a contract containing provisions, pertinent here, substantially similar to those contained in their contracts during the war years. Said contract was by its terms effective to June 1, 1946, but was thereafter renewed from time to time so that it was in effect during the period here in question. During 1945, some employees took vacations which were spread over a period of 5 or 6 months. In December of that year they received the so-called "vacation pay" or "bonus." They made no claims for unemployment compensation. In 1946, a vacation schedule was arranged for the entire plant with staggered vacations. The employees took vacations according to the schedule and, in December of that year, received the like payments as in December of 1945, but filed no claims for unemployment compensation with respect to their vacation periods. In 1947, the employer proposed to the union that a vacation period be established for all employees at the same time in the interests of increased plant efficiency. The union refused to agree to simultaneous

vacations for all employees. The employer nonetheless posted the vacation notice, as above stated, and closed the plant in accord therewith. The pertinent provisions of the contract between employer and union read as follows:

"Section 4. The company shall grant *a bonus in in lieu of vacation* in accordance with the schedule set forth in Exhibit B of this agreement.  *  *  *

"EXHIBIT B

"*  *  * *Compensation in lieu of vacation* shall be paid on the following basis:

"1. Employees on the seniority list of the company on December 1, 1945, who will have completed at least 6 months' work since December 1, 1944, shall be entitled to *compensation in lieu of vacation.*

"2. Such employees having more than 6 months' but less than 1 year of seniority shall receive 20 hours' pay.

"3. Such employees having 1 year or more of seniority shall receive 1/12 of the following allowances for each month or major portion thereof worked between December 1, 1944, and November 30, 1945:

"(a) Employees with 1 year or more but less than 18 months' seniority—48 hours' pay.

"(b) Employees with 18 months or more but less than 2 years' seniority—72 hours' pay.

"(c) Employees with 2 years' or more seniority —96 hours' pay.  *  *  *

"6. *Compensation in lieu of vacation* shall be payable on December 20th, and shall be determined on the basis of the individual employee's straight time hourly rate of pay, including any premium for night work, but excluding overtime, as of December 1st."

Appellant maintains that, under section 38 of the statute,* the trial court might reverse the appeal board's decision denying benefits to the 45 employ-

---

* CL 1948, § 421.38 (Stat Ann 1949 Cum Supp § 17.540).

ees, as it did do, only if that decision was contrary to the great weight of the evidence. While the question of whether employees did or did not receive, with respect to a given period, "payments in the form of vacation with pay" disqualifying them from benefits under section 29(1)(d)(2) of the act,* might well be a question of fact in some cases, that is not the situation as relates to the 42 employees here. The facts are not in dispute, but, rather, the significance of those facts in the light of the provisions of the contract between the parties and of the statute. This raises a question of law. See *Ford Motor Co.* v. *Unemployment Compensation Commission,* 316 Mich 468.

It will be noted that, under the terms of the contract, an employee who had taken no vacation but who might have worked every week of the year and received payment of wages in full therefor would still have been entitled to the specified payments in the month of December as a bonus in lieu of vacation. The contract makes no provision for the taking of a vacation. It does not speak in terms of payment or wages with respect to a period during which a vacation is taken, but, rather, in terms of a bonus to be paid instead of such paid vacation. The contract does not make receipt of the payment in December dependent upon whether employee did or did not take a vacation. There is nothing in the contract to connect such payment with a vacation period. In line with our reasoning in the *Renown Stove Company Case,* it must be held that, as relates to the 42 employees who received it, the payment in December of 1947 was a bonus, as provided in the contract, and not a payment with respect to the vacation period in controversy and that it therefore did not operate to disqualify said employees from benefits.

* CL 1948, § 421.29(1)(d)(2) (Stat Ann 1949 Cum Supp § 17.531 [1][d][2]).

Considerable discussion is to be found in the briefs on the question of whether a vacation, within the meaning of the act, may result from the unilateral action of either the employer or the employee, respectively, without the consent of the other, or only by agreement between them. This question is significant only as it bears on the further question of whether an employee's unemployment for a given period was voluntary or involuntary inasmuch as he would not be eligible for benefits in case of voluntary unemployment. At the same time it is clearly the intent of the act that an employee shall be disqualified from benefits even in instances where his unemployment is involuntary, as when a vacation is thrust upon him by the employer without his consent, if the employer gives him pay with respect to such vacation period. This brings us back to what in the *Renown Stove Company Case* we held to be the controlling question; namely, did employees receive pay with respect to the period in question? Under the terms of the contract they did not.

Employer contends that the mere fact that the contract describes the December payment as a bonus in lieu of vacation is not necessarily conclusive of its true character and that it may nonetheless have been vacation pay given with respect to the vacation period in question. In that connection employer cites *Palmer* v. *Unemployment Compensation Commission,* 310 Mich 702 (158 ALR 909), in which it was held that one who was labelled the "employer" in a labor contract was not the employer when the provisions of the contract failed to create an employer-employee relationship between him and claimants because it gave him no right of control over them in the performance of the contract. There the label clearly ran counter to the express provisions of the contract. Here the label is entirely consonant with all the other provisions of the contract.

Employer further contends that, even though the written contract provided for a bonus in lieu of a vacation rather than for vacation with pay, the parties varied the terms of the contract in that respect by their acts in 1945, 1946 and 1947. The only acts in that regard to which employer points are the taking of vacations by employees in 1945 at such times as they desired and in 1946 in accord with a schedule, their failure to work during the time designated by the employer as a vacation in 1947 or to protest employer's closing of its plant then, their acceptance in the month of December in each of those years of the amounts specified in the contract and therein styled a bonus in lieu of vacation, and their failure to claim unemployment compensation in 1945 and 1946 for such vacation periods. From these facts employer concludes that the employees treated the December bonus payments as payments with respect to periods of vacations actually had. The difficulty with employer's conclusion is manifest: (1) Nothing in the statute discloses a legislative intent that employees' failure to protest or resist employer's closing of its plant should be deemed to render their resultant unemployment voluntary. (2) Employees were not entitled to unemployment benefits in 1945 and 1946 when they voluntarily took vacations inasmuch as they had not, under such circumstances, suffered involuntary unemployment. (3) The voluntary taking of vacations by the employees in 1945 and 1946 cannot be said to have varied the terms of a contract which contained no agreement to the contrary. (4) The acceptance of the bonus payment in December was in accord with the express provisions of the written contract for a bonus. Acts of parties consistent with, permissible under, or expressly provided for in a contract cannot serve to vary its terms.

The appeal board held the 3 employees who did not receive the bonus payment ineligible for benefits on the theory that they were during the vacation period voluntarily unemployed. The board's reasoning seems to have been that when employees are out on a vacation provided for in a contract between their union and the employer their unemployment is voluntary. A vacation was not provided for in the contract here involved. The board's decision, as relates to these 3 employees, is not only contrary to the great weight of the evidence, but actually has no basis in fact and finds no support in the record. It was properly reversed by the trial court.

Judgment affirmed, without costs, a public question being involved.

BOYLES, C. J., and REID, NORTH, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.