### RENOWN STOVE COMPANY v. UNEMPLOYMENT COMPENSATION COMMISSION.

1. STATUTES—CONSTRUCTION—DICTIONARY DEFINITIONS.
   It is unnecessary to resort to dictionary definitions when construing a statute where the legislative intent may be readily gathered from a reading of the statute itself.

2. UNEMPLOYMENT COMPENSATION—PURPOSE OF STATUTE.
   The objective sought to be gained by the unemployment compensation act is protection against the evils incident to involuntary unemployment and the fostering of social and economic security by the payment of benefits to individuals who have suffered a loss of pay resulting from involuntary unemployment (CL 1948, § 421.1 *et seq.*).

3. SAME—VACATION WITH PAY—DISQUALIFICATION FOR BENEFITS.
   The unemployment compensation act was not intended to provide unemployment benefits to an individual for a period with respect to which he has received pay from his employer, regardless of whether, during that period, he happened to have been working for such employer or to have been on vacation, in view of the disqualifying provisions (CL 1948, § 421.29).

4. SAME—VACATION WITH PAY—DISQUALIFICATION FOR BENEFITS.
   An employee's disqualification for unemployment benefits during a vacation with pay is not dependent upon whether the individual happened to have been working for the same employer the weeks immediately preceding and following such period, performed some other work for another employer, sought employment elsewhere, or failed to relax because

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 50 Am Jur, Statutes, §§ 225, 260.
[2] 48 Am Jur, Social Security, Unemployment Insurance, and Retirement Funds, § 10.
[3–6] 48 Am Jur, Social Security, Unemployment Insurance, and Retirement Funds, § 34.
[7] 14 Am Jur, Costs, §§ 23, 91.

he lacked the assurance that immediately following said period he would be able to return to his old job (CL 1948, § 421.29).

5. SAME—VACATION WITH PAY—DISQUALIFICATION FOR BENEFITS—UNION CONTRACT.

Employees were disqualified for unemployment benefits for vacation period, where they were paid by employer for such period pursuant to, and as designated by, contract with union of which they were members (CL 1948, § 421.29).

6. SAME—VACATION WITH PAY—BONUS—DISQUALIFICATION FOR BENEFITS.

Employees, otherwise eligible, were not disqualified for unemployment compensation by reason of having received a payment in accordance with contract between employer and union whereunder employees were accorded option of taking a vacation of designated duration with pay or a bonus of that much pay and elected to receive the payment as a bonus (CL 1948, § 421.29).

7. COSTS—UNEMPLOYMENT COMPENSATION.

No costs are allowed in proceeding whereby construction of statute was involved in determining whether employees were disqualified for unemployment benefits, a public question being involved (CL 1948, § 421.29).

Appeal from Shiawassee; Lyons (Willis L.), J. Submitted June 6, 1950. (Docket No. 8, Calendar No. 44,760.) Decided September 11, 1950.

Certiorari by Renown Stove Company, a Michigan corporation, to review order of appeal board of Unemployment Compensation Commission granting unemployment compensation to certain employees of plaintiff. Order affirmed. Plaintiff appeals. Affirmed in part, reversed in part, remanded.

*Louis J. Colombo, Jr.,* for plaintiff.

*V. O. Braun* and *Kenneth B. Kelly,* for claimants.

*Stephen J. Roth,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Arthur W. Brown,* Assistant Attorney General, for Unemployment Compensation Commission.

*Amicus Curiae:*
*Zwerdling & Zwerdling.*

DETHMERS, J. In April, 1948, plaintiff employer laid off a number of its employees indefinitely for lack of work. The layoff continued until the latter part of July. Upon being laid off, they began drawing unemployment benefits. On June 21st, the employer notified the defendant commission that the employees named in the notice would receive vacation pay, some for 1 and some for 2 weeks, depending upon length of service, for a vacation period commencing July 5th, all in accord with the terms of contracts with unions of which employees were members. On June 28th, employer issued, and the employees accepted, checks for amounts equivalent to 1 or 2 weeks pay respectively. The employer protested to the commission against payment of unemployment benefits to the employees for the 1- or 2-week period beginning July 5th. Determinations allowing benefits for that period were affirmed successively by a referee, the appeal board, and, on writ of certiorari, by judgment of the circuit court, from which this is an appeal.

Employer maintains that the employees were not entitled to compensation benefits for said period because of the disqualifying provisions of section 29 (1)(d)(2) of the Michigan unemployment compensation act, CL 1948, § 421.29(1)(d)(2) (Stat Ann 1949 Cum Supp § 17.531 [1][d][2]) as follows:

"(1) An individual shall be disqualified for benefits * * *.

"(d) For any week with respect to which he is receiving or has received payments in the form of
* * *

"(2) Vacation with pay."

Employer's contention seems to boil down to this: That during the 1- or 2-week period beginning on July 5th the employees did not work for employer and on June 28th received checks in amounts equivalent to what they would have earned during said period had they worked and that, therefore, they did receive payments in the form of vacation with pay with respect to the 1- or 2-week period commencing July 5th, disqualifying them from benefits for that period. It is essential to this contention of the employer that it be established that the checks received by employees actually constituted pay with respect to the period which commenced July 5th.

Employees, on the other hand, insist that the checks represented payment of a bonus for services previously rendered and did not amount to payment for the period in question; that the period commencing July 5th was not a vacation period for employees because the mentioned layoff began several weeks before and continued for some time after said period; that, according to the dictionary, a vacation is a time of relaxation, "a period of rest between periods of work," and that, therefore, a period of rest preceded and followed by periods during which the individual did not work would not be a vacation; that, at all events, employees were not enjoying a vacation because during the period in question some of them found a few days' work for another employer, while others spent their time seeking other employment, and none of them were able to rest and relax secure in the knowledge that at the end of a fixed vacation period their jobs would be awaiting them at the same old stand.

Recourse to dictionary definitions is unnecessary when the legislative intent in connection with the statutory disqualification here involved may be so readily gathered from a reading of the statute itself.* The declared public policy prompting its enactment and the intent and purpose of the act itself are expressed in section 2 thereof, for a discussion of which see our opinion in *Dwyer* v. *Unemployment Compensation Commission*, 321 Mich 178, 188. In brief, the objective sought to be gained is protection against the evils incident to involuntary unemployment and the fostering of social and economic security by the payment of benefits to individuals who have suffered a loss of pay resulting from involuntary unemployment. There is no indication of a legislative intent to provide such benefits to an individual for a period with respect to which he has received pay from his employer, regardless of whether, during that period, he happened to have been working for such employer or to have been on vacation. It was clearly the legislative intent, in enacting the disqualifying provisions of section 29(1)(d)(2), to disqualify an individual from benefits even for a period during which he did not work for his employer, if he received pay from his employer with respect to that period. The act discloses no legislative intent to make such disqualification for the period in question dependent upon whether the individual happened to have been working for the same employer the weeks immediately preceding and following such period, or to render the disqualification inoperative, if, during that selfsame period, the individual performed some other work for another employer, or sought employment elsewhere, or failed to relax because he lacked the assurance that immediately fol-

---

* CL 1948, § 421.1 *et seq.* (Stat Ann 1949 Cum Supp § 17.501 *et seq.*).—Reporter.

lowing said period he would be able to return to his old job. The controlling question in this case is, then, whether the employer did pay the employees for or with respect to the 1 or 2 week period which commenced July 5th. If it did, then it follows that the employees received vacation with pay within the meaning of the statute and are disqualified from receiving benefits.

The answer to the above question is not difficult to find. Some of the employees were members of the International Stove Mounters' Union. Employer's contract with that union provided that:

"A. Each employee shall receive a vacation of 40 hours' pay computed at his average hourly earnings less overtime provided he has actually worked 1,400 hours during the previous period between May 1, 1947, and April 30, 1948. And it is further provided that he must have been in the continuous employ (seniority applied) of the company for 1 year prior to April 30, 1948, and that he must have been on the payroll of the company as of April 30, 1948.

"B. Each employee shall receive a vacation of 80 hours' pay computed at his average hourly earnings, less overtime provided he has actually worked 1,400 hours during the previous period between May 1, 1947, and April 30, 1948, and it is further provided that he must have been in the continuous employ (seniority applied) of the company for 5 years prior to April 30, 1948.    *    *    *

"D. The vacation period shall be from July 5, 1948, to July 18, 1948, inclusive unless otherwise determined."

Under the express terms of this contract the period from July 5th to July 18th was a vacation period. During that period the employees did not work for employer. On June 28th they accepted from employer checks in amounts equivalent to what they would have earned had they been working during

that period. So far as appears from the contract or anything else in the record, the employees covered by this contract were not entitled to that payment on any other account, but only as pay for that vacation period. The payment must, therefore, be deemed to have been made in pursuance of the contract, *i.e.*, for and with respect to said period. It follows that the employees covered by this contract did, within the meaning of the statute and with respect to the period in question, receive payment in the form of a 1- or 2-week vacation, respectively, as the case may be, with pay and that, in consequence, they are for that period disqualified from receiving benefits.

Other employees were members of the International Molders & Foundry Workers' Union which entered into a contract agreed to be binding upon employer, which provided as follows:

"All the employees members of the I. M. & F. W. U. of N. A. working in the shops of the members of the M. P. & D. A. shall receive a vacation of 40 hours pay providing he has actually worked 1,400 hours during the previous period between May 1st and April 30th, and it is further provided, that he must be on the payroll of the company as of April 30, 1948.

"All employees, members of the I. M. & F. W. U. of N. A. working in the shops of the members of the M. P. & D. A. shall receive a vacation of 80 hours pay provided he has actually worked 1,400 hours during the previous period between May 1st and April 30th and it is further provided that he must have been in the continuous employ of the company for 5 years prior to April 30, 1948 and be on the payroll of the company as of April 30, 1948.

"Such vacation shall be taken at a time that shall be mutually agreed upon and, employees will be permitted to receive 40 hours' or 80 hours' pay in lieu of the vacation."

Under this contract the employees covered thereby were entitled to a vacation with pay, or, at their option, if they waived a vacation with pay and continued working at full wages, to receive in addition to such wages and in lieu of a vacation with pay a bonus equal to 40 or 80 hours' pay. It will be noted that under the contract the employer did not have the option of laying employees off for 1 or 2 weeks, declaring the layoff to be a vacation and designating the 40 or 80 hours' pay in lieu of vacation provided for in the contract, to be, in fact, vacation pay; on the contrary, the option rested with the employees to elect whether they would take vacation with pay or a bonus of 40 or 80 hours' pay in lieu of vacation with pay. The employees covered by this contract exercised their option and elected to receive a bonus of 40 or 80 hours' pay in lieu of a vacation with pay, as they had a right to do under the contract. The payment so received was, therefore, a bonus and not vacation pay and, in consequence, the employees involved did not receive a vacation with pay. Having received no pay with respect to the period commencing July 5th, during which they did not work, they are entitled to benefits for that period, provided they meet the other eligibility tests under the statute, as to which no question has been raised here.

By stipulation on file in this case, the parties have agreed which of the employees involved in this case are covered by the Stove Mounters' Union contract and which by the Molders & Foundry Workers' Union contract. The judgment of the trial court is reversed as to those employees who are members of the Stove Mounters' Union and affirmed as to those who are members of the Molders & Foundry Workers' Union. Cause remanded for entry of judgment

in accord herewith. No costs, a public question being involved.

BOYLES, C. J., and REID, NORTH, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.