RICH MANUFACTURING CORPORATION *v.* LINDSEY.

DECISION OF THE COURT.

1. UNEMPLOYMENT COMPENSATION—VACATION.
    Judgment of circuit court vacating award of unemployment compensation to claimant employees who had been paid amounts they would have received as bonuses before commencement of employer-imposed vacation period is ordered reversed and benefits granted (CLS 1961, § 421.48).

SEPARATE OPINION.

DETHMERS, KELLY, O'HARA, and ADAMS, JJ.

2. UNEMPLOYMENT COMPENSATION—VACATION—BONUS.
    *Employees were entitled to unemployment compensation for period of employer-imposed vacation, where their union contract gave them the right to select their vacation periods and option of accepting a bonus in lieu of vacation, and employer made*

———————

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 48 Am Jur, Social Security, Unemployment Insurance, and Retirement Funds § 34 (Supp).
    Right to unemployment compensation as affected by vacation or holiday or payment in lieu thereof. 30 ALR2d 366.

*a payment prior to the beginning of the vacation in amounts
the employees would have received as a bonus (CLS 1961,
§ 421.48).*

SEPARATE OPINION.

T. M. KAVANAGH, C. J., and SOURIS and SMITH, JJ.

3. UNEMPLOYMENT COMPENSATION—VACATION—BONUS.

*Employees were entitled to unemployment compensation for
period of employer-imposed vacation, since they came within
the current definition of* unemployed *in that they performed no
services and received no remuneration for such period, pay-
ments by the employer prior to the period being deemed bonuses
(CLS 1961, § 421.48).*

Appeal from Calhoun; Coleman (Creighton R.),
J. Submitted June 8, 1965. (Calendar No. 1,
Docket No. 50,554.) Decided October 4, 1965.

Complaint by Rich Manufacturing Corporation for
an order of superintending control to review order
of the Appeal Board of Michigan Employment Secu-
rity Commission granting unemployment compensa-
tion to Lyle E. Lindsey and 126 other claimant
employees. Award vacated. Claimants appeal. Re-
versed, and benefits granted.

*Sullivan & Hamilton (Robert P. Hamilton,* of coun-
sel), for plaintiff.

*Zwerdling, Miller, Klimist & Maurer (A. L.
Zwerdling,* of counsel), for claimant defendants.

DETHMERS, J. This is an unemployment compen-
sation case. The appeal here is by employees,
defendants, from a circuit court order denying
benefits.

Involved is the eligibility of defendants for un-
employment insurance benefits for the period from

June 30, 1961, to July 17, 1961. During that time the employer, plaintiff-appellee, closed its plant. Defendants say this was an attempt by plaintiff to impose a vacation involuntarily upon its employees. Defendants were members of a labor union which had a collective bargaining agreement with plaintiff containing, *inter alia,* the following provisions:

"Eligible employees may take their vacations once during each calendar year upon application under the following procedure:

"(a) Applications made between January 1st and May 31st shall be granted in the order in which application is made.

"(b) Applications made between June 1st and December 31st shall be granted on a seniority basis. Such applications under this provision must be made at least 30 days before the starting date of the vacation.

"(c) It is understood that no classification shall be reduced by vacation leaves under either (a) or (b) above so as to impede the ordinary course of production. Any vacations denied shall be determined under (a) by denying the latest application and under (b) by denying the application of the junior employees.

"(d) Only one application shall be accepted from any employee during a calendar year. If an employee desires to split his vacation period, the dates for all time to be taken must be indicated on this one application. In the event an application is denied, the employee may reapply.

"(e) The date of vacation payment may not be prior to June 25th of any calendar year."

"Section 6. If production does not permit the granting of time off from work, the company agrees to pay a bonus in lieu of vacations. The amount of the bonus to be computed according to sections 1 through 5 above. Such bonus in lieu of vacations

will be paid on the last pay day before July 4, 1959, to those employees who are eligible."

"Any employee, otherwise qualified, who is laid off and who has worked at least 6 months since the last May 31st, shall be given a check in lieu of vacation to be computed according to the applicable percentage under this article, upon giving the company a 10-day notice."

Plaintiff had posted notice to employees that it would close for annual vacation on June 30th and reopen on July 17th. The plant was closed on June 30th and on that date defendants received payments from plaintiff in amounts calculated according to the labor agreement's vacation plan. Plaintiff's president testified that management had expected an increase in business after the 4th of July and they found it advantageous to get vacations out of the way so that attendance thereafter would be good and production would not be broken by employees being off for vacation.

Plaintiff contends that payments made on June 30th were vacation payment and, hence, defendants were not unemployed within the meaning of the act because, under the meaning of section 48 of the Michigan employment security act (CLS 1961, § 421.48 [Stat Ann 1960 Rev § 17.552]) there had been remuneration payable to them with respect to the period in question.

Defendants' position is that the payments to them represented a bonus due them under the labor agreement, and, accordingly, these were not remuneration with respect to that period so as to disqualify them for unemployent compensation benefits.

Applicable is *Renown Stove Company v. Unemployment Compensation Commission,* 328 Mich 436, as relates to the claimants in that case belonging to the International Molders & Foundry Workers'

Union, employed under an agreement providing for paid vacations during a mutually agreed upon time with an alternative in the employee to elect to receive a bonus in lieu of vacation. In upholding their rights to unemployment compensation benefits, this Court said (p 443):

"It will be noted that under the contract the employer did not have the option of laying employees off for 1 or 2 weeks, declaring the layoff to be a vacation and designating the 40 or 80 hours' pay in lieu of vacation provided for in the contract, to be, in fact, vacation pay; on the contrary, the option rested with the employees to elect whether they would take vacation with pay or a bonus of 40 or 80 hours' pay in lieu of vacation with pay. The employees covered by this contract exercised their option and elected to receive a bonus * * * as they had a right to do under the contract. The payment so received was, therefore, a bonus and not vacation pay and, in consequence, the employees involved did not receive a vacation with pay."

In this case of Rich, too, employees had the right to select their period of vacation or, under certain circumstances, to receive a bonus in lieu of vacation. The reasoning above quoted from *Renown* applies to the very comparable facts in this case.

As for the contract before us, its provision for bonus in lieu of vacation, if the employer deemed production to be such as not to permit vacations, would have entitled claimants to the bonus even though they had performed services during and received remuneration for every week in the year. We think that, under *Hubbard* v. *Unemployment Compensation Commission,* 328 Mich 444, this provision of the agreement and the facts in this case call for holding that the June 30th payments were bonus.

Decision of the circuit court is reversed and the ruling of the appeal board granting benefits to defendants herein is affirmed, with costs to them.

Kelly, O'Hara, and Adams, JJ., concurred with Dethmers, J.

Black, J., concurred in result.

Souris, J. (*concurring*). When *Renown Stove Company* v. *Unemployment Compensation Commission* (1950), 328 Mich 436, and *Hubbard* v. *Unemployment Compensation Commission* (1950), 328 Mich 444, were decided a claimant situated similarly to claimants herein had to meet two criteria in order to obtain unemployment compensation benefits. He had to establish that he was unemployed according to the definition of CL 1948, § 421.48a (Stat Ann 1947 Cum Supp § 17.552[1]):

"An individual shall be deemed 'unemployed' with respect to any week during which he performs no services and with respect to which no remuneration is payable to him, or with respect to any week of less than full-time work if the remuneration payable to him is less than his primary weekly benefit rate."

He had also to establish that the period during which he did not work was not a vacation with pay, since under CL 1948, § 421.29 (Stat Ann 1950 Rev § 17.531), one who was on a paid vacation was disqualified for benefits even if the vacation payments were less than the applicable weekly benefit rate.

PA 1951, No 251 abolished this section 29 ground for disqualification. Accordingly, the claimants in this case of *Rich* are entitled to benefits, since they meet the standards for an unemployed individual entitled to benefits specified in the current version

of section 48a,[1] no other ground for disqualification having been advanced. *Employment Security Commission* v. *Vulcan Forging Company* (1965), 375 Mich 374.

As Mr. Justice DETHMERS notes, the reasoning of *Renown* and *Hubbard,* by which it was concluded that the payments received therein from the employers were bonuses and not payments with respect to the period of nonemployment of claimants, is applicable to the circumstances of Rich.[2] That being so, I concur in reversal of the circuit court order and affirmance of the appeal board.

T. M. KAVANAGH, C. J., and SMITH, J., concurred with SOURIS, J.

---

[1] CLS 1961, § 421.48 (Stat Ann 1960 Rev § 17.552).

[2] One of the claimants, A. Smith, would be entitled to some benefits even if it were found that the payments made to him were with respect to the alleged vacation period, since in his case the payments of $35.54 per week were less than his weekly benefit rate of $55. See *Vulcan, supra.* As to the other claimants, however, if it were found that the payments they received were not bonuses, but, on the contrary, were instead attributable to the alleged vacation period, they would be entitled to no benefits, since the payments they received for each of the alleged vacation weeks were greater than the applicable weekly benefit rates. See section 48, *supra.*