CARROLL, Judge.'
By petition for certiorari there is presented for review a decision of the respondent commission holding that petitioners were not entitled to unemployment compensation for certain periods.
The petitioners were airline pilots employed by the respondent, National Airlines, Inc., herein referred to as the company. During the time that a strike by another class of employees was in progress, the petitioners were furloughed by the company. Being thus unemployed they became entitled to unemployment compensation as provided for in Chapter 443, Fla. Stat., F.S.A.
Section 443.03(12) (a) states: “An individual shall be deemed ‘totally unemployed’ in any week during which he performs no services and with respect to which no wages are payable to him * * *
Section 443.03(13) (a) states: ‘“Wages’ means all remuneration paid for services from whatever source, including commissions and bonuses and the cash value of all *147 remuneration paid in any medium other than cash”.
By the contract between the company and the airline pilots, the paid vacations to which pilots should become entitled for service in a given fiscal year (ending June 30) were to be taken during the ensuing fiscal year. Prior to the end of a year, pilots were required to designate the time selected for vacation in the ensuing year. Certain of the petitioners had thus designated vacation times which happened to fall within the period of the strike. Another group had designated vacation times outside of the period in which the strike was in effect.
While they were furloughed and unemployed during the period of the strike, petitioners in both categories requested and received their accrued vacation pay. With reference to the petitioners who had designated vacation times other than within the strike period, the respondent company, upon complying with their requests for payment of accrued vacation pay, redesig-nated their vacation times to be within the strike period during which they were furloughed. The commission refused the petitioners’ claims for unemployment compensation for the periods thus designated by them or by the company for their vacations. Such claims were denied on the ground that the petitioners were not “totally unemployed” during their said vacation periods. We hold that ruling was error.
Respondents argue that the decision of the commission should be affirmed on authority of Eastern Airlines, Inc. v. Florida Industrial Com’n, Fla.App.1967, 201 So.2d 604, decided by this court. We cannot agree. That case presented a situation opposite to the one involved here. In Eastern the petitioning employees were disqualified from benefits, because they were unemployed due to a strike. Here, although a strike by other employees was in progress, the unemployment of the petitioners was not due to the strike but resulted from their having been furloughed by the company during the period of the strike, and the petitioners, therefore, were entitled to unemployment compensation benefits. In the Eastern Airlines case the petitioners did not have a right under their contract to elect to receive vacation pay in lieu of vacation. Some of them had designated their vacations to occur during the strike period. The others redesignated their vacation times to fall within that period. All applied for and received their vacation pay. It was held in the Eastern case that the vacation pay received by the petitioners under those circumstances was payment with respect to their vacation periods, with the result that they were not “unemployed” within the meaning of the statute for those vacation periods and, therefore, were not entitled to unemployment compensation for the time or times covered by their vacation periods.
Here, in the reverse situation, where the petitioners were not disqualified for benefits while furloughed, the commission denied such benefits for their vacation periods as designated, on the theory that the vacation pay which they received was payment with respect to the vacation periods.
The incorrectness of that ruling of the commission in this case becomes apparent upon inspection and application of the terms of the contract between the company and the petitioners under which the employees who were thus furloughed were given the right to receive “accumulated earned vacation credit and pay” for vacations not taken.[1] In view of that provision *148 of the contract, the circumstances that certain of the employees had designated their vacations to times which chanced to fall within the strike period and that the vacation periods of the other petitioners were redesignated by the company to be within that period, were immaterial. From the contract provisions here referred to, pertinent portions of which are quoted in the margin, it is clear that the payments of vacation money to the employees during the period of the furlough were in the form of bonuses, in lieu of vacations or pay. Therefore such payments were not entitled to be regarded by the commission as payments “with respect to vacations” or as being wages for vacation periods.
The same conclusion was reached in a Michigan case, Renown Stove Co. v. Michigan Unemployment Comp. Commission, 328 Mich. 436, 44 N.W.2d 1. There employees who had been laid off due to curtailment of operations had a right under their contract to receive vacation pay without vacation. In that case the vacation payments thus received were held to be bonuses and not payments with respect to vacation periods, with the result that those employees were entitled to receive unemployment compensation for the times or periods thus in question.
Accordingly the decision under review is quashed, and the cause is remanded to the respondent commission for an appropriate order to be entered consistent herewith.
It is so ordered.

. Tlie section of the contract dealing with vacations of pilots (§ 18) contains provisions pertinent here, as follows:
“(e) Vacations shall not be cumulative and must be taken within each year’s posted vacation period except as provided below. * * * It is the intent of this Section that pilots be granted and take vacations each current year. Under no circumstances shall a *148 pilot receive compensation for vacations ■not taken except as provided in Paragraph (g) below.
% * * # * * *
“(g) A pilot who dies or is disabled, or who retires, or who resigns and has given the company two (2) weeks advance written notice of that intent, or who is granted an extended military leave-of-absence or wlio is furloughed by the company due to a reduction in force, shall be entitled to his accumulated earned vacation credit and pay up to the effective date of such condition, provided he has completed his probationary period as a pilot. * * * ” [Italics ours.]