## BROWN v LTV AEROSPACE CORPORATION

1. UNEMPLOYMENT COMPENSATION—EMPLOYMENT SECURITY ACT—BEN-
EFITS—LAYOFF PERIOD—VACATION PAY—CONTRACTS.

Plaintiffs were not unemployed and were not entitled to unem-
ployment benefits when their employer allocated their accrued
and unused vacation time and pay to the period they were laid
off from their jobs within the meaning of a section of the
Employment Security Act which provides that all amounts paid
to a claimant for a vacation shall be deemed remuneration for
the period designated by the contract or agreement providing
for the payment, where by the contract with plaintiffs' union
the employer had the right and power to determine when and
if vacations were to be taken and, in the absence of a contrac-
tual designation of the vacation period, the employer properly
made the allocation of vacation time and pay to the layoff
period where the contract provided that employees who were
laid off because of lack of work were entitled to a pro-rata
vacation which vested upon layoff or termination because of
lack of work (MCLA 421.48).

2. UNEMPLOYMENT COMPENSATION—EMPLOYMENT SECURITY COMMIS-
SION—APPEAL AND ERROR—CIRCUIT COURT—DISMISSAL OF AP-
PEAL—NONRESIDENTS.

A resident of Oakland County could not properly appeal an
Employment Security Commission's ruling to the Macomb Cir-
cuit Court and that court properly dismissed the appeal.

**Appeal from Macomb, Edward J. Gallagher, J.
Submitted Division 2 February 14, 1973, at De-
troit. (Docket No. 13255.) Decided October 31,
1973. Leave to appeal granted, 391 Mich —.**

REFERENCES FOR POINTS IN HEADNOTES

[1] 48 Am Jur 2d, Labor and Labor Relations §§ 235, 237, 384, 1233.
Construction and effect of vacation pay clause in collective labor
agreement, 30 ALR2d 351.

[2] 58 Am Jur, Workmen's Compensation §§ 528, 530.

Russell W. Brown and others presented their claims for unemployment compensation against their employer, LTV Aerospace Corporation. The Employment Security Appeal Board affirmed the referee's finding that plaintiffs were not entitled to unemployment compensation. Plaintiffs appealed to circuit court. Affirmed as to Brown, Ralph A. Chennery, Larry K. Curran, Maynard R. Fenner, and Leslie G. James, and dismissed as to James Boyer. Plaintiffs appeal. Affirmed.

*Stephen I. Schlossberg,* UAW General Counsel—Washington, *John A. Fillion,* UAW General Counsel—Detroit, and *Jordan Rossen,* UAW Assistant General Counsel—Detroit, for plaintiffs.

*Dickinson, Wright, McKean & Cudlip* (by *Patrick J. Ledwidge* and *J. Thomas Carroll, Jr.),* for defendant LTV Aerospace Corporation.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *George M. Blaty,* Assistant Attorney General, for defendant Michigan Employment Security Commission.

Before: V. J. Brennan, P. J., and Holbrook and Van Valkenburg,* JJ.

Van Valkenburg, J. Plaintiffs were laid off from their jobs at defendant corporation and thereafter filed for unemployment benefits. Defendant corporation allocated certain vacation pay to the layoff period and asserted that plaintiffs were therefore not entitled to benefits for those weeks in which they received vacation pay. The

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Employment Security Commission referee determined that the allocation of the vacation pay to the layoff period was proper, and therefore plaintiffs were not unemployed within the meaning of MCLA 421.48; MSA 17.552; thus plaintiffs were not entitled to unemployment compensation for those weeks to which the vacation pay was allocated. Plaintiffs appealed to the Employment Security Appeal Board, which affirmed the findings and determination of the referee. Plaintiffs appealed to Macomb Circuit Court, where the court affirmed the decision of the appeal board and dismissed the appeal of plaintiff Boyer by reason of the fact that he was not a resident of Macomb County. Plaintiffs thereafter appealed to this Court.

The statute in question, MCLA 421.48; MSA 17.552, provides in pertinent part:

"An individual shall be deemed 'unemployed' with respect to any week during which he performs no services and with respect to which no remuneration is payable to him * * * .

* * *

"All amounts paid to a claimant by an employing unit or former employing unit for a vacation or a holiday * * * shall be deemed remuneration in determining whether an individual is unemployed under this section and also in determining his benefit payments under section 27(c), for the period designated by the contract or agreement providing for the payment, or if there is no contractual specification of the period to which such payments shall be allocated, then for the period designated by the employing unit or former employing unit: Provided, however, That payments for a vacation or holiday made, or the right to which has irrevocably vested, after 14 days following such vacation or holiday, and payments in the form of termination, separation, severance or dismissal allowances, and bonuses, shall not be deemed wages or remuneration within the meaning of this section."

The question of whether a claimant can be denied unemployment benefits by reason of the vacation pay provisions of MCLA 421.48, *supra,* can only be determined by referring to the contract of employment to ascertain whether the employer can designate the time at which vacations must be taken. See *Rich Manufacturing Corp v Lindsey,* 376 Mich 241; 137 NW2d 140 (1965); see, also, *Renown Stove Co v Unemployment Compensation Commission,* 328 Mich 436; 44 NW2d 1 (1950); *Hubbard v Unemployment Compensation Commission,* 328 Mich 444; 44 NW2d 4 (1950).

The pertinent parts of the collective bargaining agreement entered into by plaintiffs' union with defendant corporation provide:

"Section 7. Vacation

"(a) Employees with continuous and active service shall be eligible for a vacation and vacation allowance in accordance with the following schedule.

| | |
|---|---|
| one (1) through five (5) years | 10 days |
| 6th year (sixth anniversary) | 11 days |
| 7th year (seventh anniversary) | 12 days |
| 8th year (eighth anniversary) | 13 days |
| 9th year (ninth anniversary) | 14 days |
| 10th year (tenth anniversary) | 15 days |

To be eligible for a vacation as provided for in this Section, an employee must have worked eighty percent (80%) of the regularly scheduled working hours of the plant between his anniversary date of the preceding year and his anniversary date of the particular vacation year.

"(b) Employees laid off by the Company because of lack of work or an employee inducted into Military Service under the Selective Service Act, as amended, and who have the required service shall receive a pro-rata vacation allowance at the time of termination based upon 1/12 of the vacation pay for which he is eligible for each month and major fraction of the month from his last anniversary date to the date of termina-

tion provided that he has worked at least 80% of the regularly scheduled working hours of the plant between his last anniversary date and his termination date. An employee shall be determined to have worked a major fraction of the month if he has worked a minimum of 85 S/T hours. * * *

"(c) The vacation pay allowance under this article shall be computed at the employee's regular base hourly rate of pay, including shift differential of record and cost-of-living allowance, if any, less normal standard deductions. Employees eligible for vacation will receive their vacation pay allowance on their anniversary date.

"(d) The determination of whether there shall be a vacation or vacation pay in lieu of a vacation shall be solely at the discretion of the Company. Supervision will give consideration to the seniority of his employees when scheduling vacations."

The operation of these contractual provisions is easily understood. After one year of continuous and active service an employee becomes eligible for a vacation and vacation pay in accordance with the schedule set forth in § 7(a) of the contract. On that first anniversary date the employee would be paid his vacation pay allowance pursuant to the provisions of § 7(c). The vacation time would not necessarily be taken at the time the vacation pay allowance was given to the employee. Not only is the scheduling of vacation time within the discretion of the company, but also the determination of whether there will be vacation or vacation pay in lieu of a vacation, as provided in § 7(d). It is thus within the sole providence of the company to determine whether and when vacations are to be taken.

Since by the contract the company had the right and power to determine when vacations were to be taken, and in light of the absence of a contractual designation of the vacation period, defendant cor-

poration properly allocated and designated that the plaintiffs' accrued and unused vacation time and pay should be allocated to the period of the layoff. Plaintiffs were thus not unemployed within the meaning of MCLA 421.48, *supra,* and were therefore not entitled to unemployment benefits for those weeks.

Likewise, since pursuant to § 7(b) of the contract an employee who is laid off because of lack of work is entitled to a pro-rata vacation allowance equal to 1/12 of the vacation allowance for which he is eligible for each month since his anniversary, the company properly designated that said vacation pay be allocated to the layoff period. While plaintiffs assert that said payments were in the nature of bonuses, a reading of the contract provisions belies that position. It is clear that the drafters of the contract intended to have vacation time accrue through the year, but it was only to vest upon the coming of the anniversary date, upon layoff or termination because of lack of work or upon induction into the armed services. Since plaintiffs were laid off because of lack of work, their right to the accrued pro-rata share of their vacation allowance vested. Having vested and having been paid by defendant corporation, defendant corporation had the right to designate what period said vacation allowance would apply.

While the question of whether the circuit court's dismissal of Boyer's appeal was proper is rendered moot by our holding herein, we would note that the circuit court quite properly dismissed Boyer's appeal. Boyer was an Oakland County resident and therefore he could not properly appeal the commission's ruling to the Macomb Circuit Court.

See *Alvarado v Ford Motor Co,* 45 Mich App 382; 206 NW2d 480 (1973).

Affirmed. No costs, a public question being involved.

All concurred.