KEHOE, Judge.
Appellant, petitioner below, brings this appeal from a decision of appellant Florida Department of Commerce, Division of Employment Security, Board of Review (Board), rejecting her claims for unemployment compensation. The decision appealed, as modified below, is affirmed.
Appellant was employed by appellee Dade County Public Schools (Dade) until June 16, 1977, when she was released from employment as an instructional aide at the end of the 1976-1977 school term due to personnel cutbacks. On July 14, 1977, ap *652 pellant applied for unemployment compensation benefits. Thereafter, Dade offered appellant reemployment as a teacher’s aide at Tropical Elementary School. This offer of employment was made pursuant to the terms of a collective bargaining agreement between Dade and appellant’s collective bargaining unit, the U.T.D. Paraprofessional Employees’ Union (Union). Appellant refused acceptance of this job offer because it would have required her to work with mentally retarded students and because she felt that the school was located at too great a distance from her residence. Then, on November 29, 1977, Dade offered appellant another position as a teacher’s aide at the Howard Drive Elementary School. Appellant refused to accept this offer because of the area in which the school was located. Distance from her residence was not a factor in this rejection. This second offer was also made pursuant to the Union collective bargaining agreement.
Prior to both of these offers of employment, appellant had been receiving unemployment compensation benefits (benefits) from the date of her original application. On December 9, 1977, two notices of claims determination were mailed to appellant. The first stated that she was disqualified for benefits for the week ending November 5, 1977, for refusing an offer of suitable employment. See § 443.06(2), Fla.Stat. (1977). As a result of this determination, appellant was disqualified to receive benefits for the week ended November 5, 1977, plus five weeks and until she had earned at least $720. It was during the five weeks period after November 5, 1977, in which appellant refused the second offer of employment.
The first claims determination informed appellant that she was disqualified from the receipt of benefits for two reasons: (a) for refusing to accept an offer of work from a former employer as required by Section 443.06(2), Florida Statutes (1977); and (b) because she had restricted her availability for work by limiting the area in which she would accept employment, thereby removing herself from the labor market in violation of Section 443.05(l)(c), Florida Statutes (1977).
On appeal from this broad disqualification, the appeals referee found appellant was not available for work because she did not have a genuine attachment to the labor market due to her self imposed travel restrictions. The appeals referee further found in regard to the October 28, 1977, offer of employment that it was not suitable employment for her because it involved working with mentally retarded children and that she was justified in refusing to accept the offer. The referee then considered appellant’s refusal of the November 29, 1977, offer, and ruled that it was suitable work for her and that her refusal to accept such job was without good cause.
Appellant then appealed the appeals referee’s decision to the Board. The Board held that the appeals referee erred by finding that appellant did not have a genuine attachment to the labor market. The Board held that appellant’s self imposed travel restrictions, under the facts of her case, had not substantially restricted her availability for work. However, the Board affirmed the referee’s decision that appellant’s refusal to accept the November 29, 1977, offer was without good cause. From the Board’s decision, appellant brings the instant appeal.
We have carefully reviewed each of the points raised by appellant on appeal and find them to be without merit. The Board’s decision is supported by competent substantial evidence and comports with the criteria set forth in Chapter 443, Florida Statutes (1977). See, e. g., General Telephone Company of Florida v. Board of Review, 356 So.2d 1357 (Fla.2d DCA 1978); Hammett v. Florida Department of Commerce, Division of Employment Security, 352 So.2d 948 (Fla.2d DCA 1977); Eastern Air Lines, Inc. v. Florida Industrial Commission, 201 So.2d 604 (Fla.3d DCA 1967); and Chap. 433, Fla.Stat. (1977). However, the parties concede that it was error to withhold benefits in the amount of $216, for the period November 5 to November 29, *653 1977, from appellant. Accordingly, the decision appealed is affirmed, except it is modified to the extent that appellant is to be paid the $216 in wrongfully withheld benefits.
Affirmed in part, modified in part.