350 So.2d 121 (1977)
Charles N. SMALLWOOD, Petitioner,
v.
FLORIDA DEPARTMENT OF COMMERCE, Respondent.
No. 77-192.
District Court of Appeal of Florida, Fourth District.
September 27, 1977.
*122 Susan A. England, of People's Legal Action, Inc., Winter Garden, for petitioner.
Kenneth H. Hart, Jr., Gen. Counsel, Tallahassee, and James R. Parks, Miami, for respondent-Florida Dept. of Commerce Div. of Employment Security.
DOWNEY, Judge.
We have for review by petition for writ of certiorari an order of the Industrial Relations Commission affirming the decision of an appeals referee denying unemployment compensation benefits to petitioner.
Briefly, the evidence reflected that petitioner was a long distance truck driver for his employer for some ten years from 1966 until 1976. In 1970 petitioner had a cataract operation on one eye and in 1971 a like operation on the other eye. Thereafter petitioner was utilized on local deliveries and warehouse work with the understanding that if an emergency developed he would drive the longer trips.
Just prior to his discharge petitioner was directed to drive an overnight trip and he refused. He testified that he refused because his peripheral vision had deteriorated since the cataract operation and he felt he was not capable of the kind of driving required to operate large trucks on the open highway. This refusal brought about his discharge.
The appeals referee found that petitioner was discharged for misconduct connected with his work within the meaning of Section 443.06(1), Florida Statutes (1975).
In the final analysis the issue before the appeals referee was whether petitioner was justified in refusing to follow his employer's instructions to drive the overnight trip. If as petitioner testified, his vision was defective thus making operation of a large truck in highway traffic dangerous to himself and others, then it would certainly appear petitioner was justified in refusing to undertake the trip. On the other hand, if petitioner's sight was not defective then his refusal would constitute misconduct under the statute and the order denying benefits was proper.
As stated previously, petitioner testified his peripheral vision was poor, and he felt incapable of driving large trucks on the highway for extended periods. No evidence to the contrary was adduced. The closest respondent came to contradicting petitioner's testimony was a reference to petitioner having passed a vehicle lessor's periodic eye test for drivers in 1974. Since the unemployment compensation act is to be construed liberally in favor of the claimant, Spaulding v. Florida Industrial Commission, 154 So.2d 334 (Fla.3d DCA 1963), we conclude the evidence adduced in this case is insufficient to support the conclusion of the appeals referee and the Industrial Relations Commission.
However, the issue concerning petitioner's peripheral vision and his ability to perform the task demanded by his employer can be readily determined by medical evidence. Accordingly, pursuant to the statutory *123 authority provided in Section 120.68(13)(a)1, Florida Statutes (1975), we quash the order under review and remand the cause to the Industrial Relations Commission with directions to remand the cause to the appeals referee for the purpose of receiving additional evidence as to petitioner's ability to drive on the highway with particular reference to his vision.
ANSTEAD and LETTS, JJ., concur.