392 So.2d 920 (1980)
Ina M. BAEZA et al., Appellants,
v.
PAN AMERICAN/NATIONAL AIRLINES, INC., Florida Unemployment Appeals Commission and Florida Department of Labor, Appellees.
Nos. 80-280 to 80-303.
District Court of Appeal of Florida, Third District.
December 2, 1980.
Rehearing Denied January 8, 1981.
*921 Lawrence Kanzer, Miami, for appellants.
James R. Parks, Charles E. Patterson, Jr., and Dennis L. Curran, Tallahassee, for appellees.
Before HUBBART, C.J., and BASKIN and DANIEL S. PEARSON, JJ.
BASKIN, Judge.
Twenty-Four Pan American/National Airlines flight attendants[1] challenge the denial by the Florida Unemployment Appeals Commission of their claims for unemployment compensation benefits approved by claims examiners and affirmed by the Appeals Referee. The Commission reversed the compensation awards to be paid during maternity leaves made mandatory under the collective bargaining agreement between the flight attendants' union and the airline. That agreement requires an employee to notify her employer as soon as she "has knowledge of her condition."[2] *922 The Commission found that sick pay benefits paid to appellants during their maternity absences were wages under Section 443.03(13)(a), Florida Statutes (1977), thus disqualifying them from obtaining unemployment compensation benefits under sections 443.03(12)(a) and 443.04(3)(a). The Commission, however, affirmed the referee's findings that insurance disability payments did not constitute wages. Under the Commission's rulings, appellants are eligible to collect sick pay and insurance payments, but not unemployment compensation benefits. Appeals from the Commission's rulings have been consolidated. We reverse in part and affirm in part.
Our determination of these consolidated appeals depends upon our interpretation of the term "wages" in the cited unemployment compensation statute. If appellants received wages, they were not unemployed and therefore not entitled to unemployment compensation benefits. Section 443.04 permits payment of benefits to unemployed individuals:
(3) Weekly benefit for unemployment.
(a) Total-Each eligible individual who is totally unemployed in any week shall be paid with respect to such week a benefit in an amount equal to his weekly benefit amount.
Section 443.03(12) defines unemployment:
`Unemployment': (a) An individual shall be deemed `totally unemployed' in any week during which he performs no services and with respect to which no wages are payable to him, or `partially unemployed' in any week of less than full-time work if the wages payable to him with respect to such week are less than his weekly benefit amount... .
Thus, an employee is entitled to receive unemployment compensation for those weeks in which she is not paid wages for services performed. Since appellants received sick pay benefits during their maternity absences, we must decide whether those benefits were "wages" as the Commission contends.
Section 443.03(13)(a) states:
`Wages': (a) `Wages' means all remuneration paid for services from whatever source, including commissions and bonuses and the cash value of all remuneration paid in any medium other than cash... .
Are sick pay benefits, which are based on length of service with the company, payments for rendered services and therefore "wages" under Section 443.03(13)(a), Florida Statutes (1977)?
Appellants rely on section 443.03(13)(b)(2), which excludes from the definition of wages amounts paid on account of sickness or accident disability:
(b) The term "wages" shall not include:
2. The amount of any payment with respect to services performed, to, or on behalf of, an individual in its employ under a plan or system established by an employing unit which makes provision for individuals in its employ generally or for a class or classes of such individuals (including any amount paid by an employing unit for insurance or annuities, or into a fund, to provide for any such payment), on account of:
a. Retirement.
b. Sickness or accident disability.
c. Medical and hospitalization expenses in connection with sickness or accident disability.
d. Death...
The Commission contends that the general definition of section 443.03(13)(a) is determinative, and that the exclusions for sickness in section 443.03(13)(b)(2), upon which appellants rely, do not apply. We agree with the view expressed by appellants. We hold that the statute expressly excludes sick pay from classification as wages.
Although we note appellee's contention that section 443.03(13)(b)(2) refers to contributions by an employer to disability plans rather than to benefits paid to employees, we find no authority to support that position.
*923 The courts tell us: "The Unemployment Compensation Law is remedial, humanitarian legislation and should be liberally and broadly construed." City of Fort Lauderdale v. Fowler, 355 So.2d 159, 161 (Fla. 4th DCA 1978) (quoting Williams v. State, Department of Commerce, 260 So.2d 233, 234 (Fla. 1st DCA 1972)). Section 443.20, Rule of Liberal Construction, Florida Statutes (1977), states that the unemployment compensation chapter shall be liberally construed to accomplish its purpose to promote employment security and to secure for the citizens of this state certain grants and privileges. It provides that all doubts as to the proper construction of any provision of the chapter shall be resolved in favor of conformity with those requirements. The Unemployment Compensation Law should be liberally construed in favor of claimants. Smallwood v. Florida Department of Commerce, 350 So.2d 121 (Fla. 4th DCA 1977); Fredericks v. Florida Department of Commerce, 323 So.2d 286 (Fla. 2d DCA 1975). Disqualifying provisions are to be narrowly construed. St. Joe Paper Co. v. Gautreaux, 180 So.2d 668 (Fla. 1st DCA 1965).
We are not unmindful of the principle that construction of a statute by the agency or body charged with its administration is entitled to great weight and will not be overturned unless it is clearly erroneous. Ft. Pierce Utilities Authority of the City of Ft. Pierce v. Florida Public Service Commission, 388 So.2d 1031 (Fla. 1980) (Case No. 57,854, opinion filed September 25, 1980); State ex rel Biscayne Kennel Club v. Board of Business Regulation of State, 276 So.2d 823 (Fla. 1973). In this case, the Commission's construction of Section 443.03(13), Florida Statutes (1977), was clearly in error.
Comparing related legislative action in order to determine legislative intent, we note that section 443.06 expressly disqualifies a retired employee from receiving unemployment compensation benefits while he receives retirement benefits. Although the legislature in that section prohibits double payment of benefits (retirement and unemployment), no similar disqualification regarding sick pay benefits and unemployment compensation appears. We turn again to the principles of statutory construction and find that any omission is presumed to be deliberate. Cook v. State, 381 So.2d 1368 (Fla. 1980). Because the mention of one thing implies the exclusion of another, Thayer v. State, 335 So.2d 815 (Fla. 1976), a statute which enumerates or forbids matters is ordinarily construed as excluding those not expressly mentioned. We therefore conclude the legislature did not intend to disqualify recipients of sick pay benefits from collecting unemployment compensation benefits.
The Commission based its ruling on Eastern Air Lines, Inc. v. Florida Industrial Commission, 201 So.2d 604 (Fla. 3d DCA 1967). In that case, a claimant receiving vacation pay but performing no services was held not to be unemployed. Vacation pay was considered remuneration for services.
The Eastern case is distinguishable. In the statute applicable to the cases we now consider, sick pay is expressly excluded from the list of disqualifying factors, whereas vacation pay is not mentioned.
We next consider whether the distinction drawn by the Commission of allowing unemployment compensation benefits to an individual receiving insurance benefits, but disallowing unemployment compensation to an employee receiving sick pay, is valid. Although the airline contributed to both sick pay benefits and insurance benefits, the specific exclusion of section 443.03(13)(b)(2) precludes a finding that sick pay is "wages". The Commission has no authority to support its position that merely because sick pay is determined by length of service whereas disability insurance is based solely on an insurance policy, different characterizations and treatment result. We, therefore, hold that neither insurance nor sick pay benefits are "wages" as defined by Section 443.03, Florida Statutes (1977).
We have determined that an applicant who provides no services and receives no *924 wages is "unemployed" under section 443.04(3)(a). Next, section 443.05(1)(c)(1) requires the applicant to be able and available for work. Once the applicant has "knowledge of her condition", she is required by the collective bargaining agreement to inform the company. A letter of agreement between the union and the company contains a "stop flying" provision which forces immediate maternity leave without regard to the month of pregnancy or the ability of the employee to work, although reinstatement is guaranteed.
The Supreme Court of the United States has recognized that statutory assumptions that pregnant women are unable to work are invalid. The Supreme Court has held a Utah statute, which made pregnant women ineligible for benefits for a certain period of their pregnancies, unconstitutional and violative of the due process clause of the Fourteenth Amendment. Turner v. Department of Employment Security, 423 U.S. 44, 96 S.Ct. 249, 46 L.Ed.2d 181 (1975). See Kibble v. Employment Division, 36 Or. App. 243, 584 P.2d 340 (1978); Gols v. Ross, 59 App. Div.2d 994, 399 N.Y.S.2d 337 (1977). See Generally 51 A.L.R.3d 254 (1973).
A pregnant employee is not automatically unavailable for work. Unlike the applicant in Monsanto v. Florida Department of Labor and Employment Security, Division of Employment Security, 371 So.2d 594 (Fla. 1st DCA 1979), these applicants have not been shown to be unavailable for other work in positions that do not require flying. Section 443.06(2)(a) contains factors to be considered in determining whether work is suitable, but nothing in the statute prevents a pregnant woman from working.
For these reasons, we reverse the decision of the Florida Unemployment Commission which found that appellants were not totally unemployed because they received payments for accumulated sick leave. We hold that accumulated sick leave benefits paid to an employee who is on mandatory maternity leave, but who is able to work, are not wages disqualifying her from receiving unemployment compensation benefits.
We affirm the decision of the Commission relating to insurance payments.
Reversed and remanded for further proceedings to determine the benefits due each applicant.
NOTES
[1] Appellants were employees of National Airlines, Inc. but now are employed by Pan American World Airways, Inc. as a result of a merger of both companies.
[2] Agreement between National Airlines, Inc. and its flight attendants as represented by the Transport Workers Union, Local 555, Section 15(F).