Acie Frames, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Dennis J. Cogan, Kogan and Cogan,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE CRAIG, August 25, 1982:

In this unemployment compensation case, the claimant, an insurance salesman, has appealed from a determination that he was ineligible for benefits under Section (1)(4)(17) of the Unemployment Compensation Law,[1] which excludes insurance agent work from coverage if the "remuneration" is solely by way of commission." We affirm.

The only question is whether the record contains substantial evidence to support the finding that the claimant's 1978 base year compensation was "strictly on a commission basis," and the record clearly supports that finding.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §753(1)(4)(17).

Evidence, in the form of a federal Internal Revenue Service W-2 Form, that the claimant was covered by a pension plan and that the employer withheld federal income and social security taxes and state income tax from the "Wages, tips and *other compensation*" (emphasis added) in no way counters the key finding because a commission-paid employee obviously may be covered by a pension plan, and compensation by way of commission is just as subject to federal and state income taxes as is wage and salary compensation.[2]

ORDER

Now, August 25, 1982, the order of the Unemployment Compensation Board of Review, Decision No. B-177246, dated October 31, 1979, is affirmed.

---

[2] 26 U.S.C. §§61(a)(1), 3401(a), 3402, 3404; Act of August 31, 1971, P.L. 362, §4, 72 P.S. §§7301(d), 7302(a), 7316, 7317.