581 So.2d 643 (1991)
COMMONWEALTH LIFE INSURANCE, Appellant,
v.
Donovan P. WALTERS and Florida Unemployment Appeals Commission, Appellees.
No. 90-2746.
District Court of Appeal of Florida, Third District.
June 18, 1991.
Holland & Knight, Michael L. Rosen and Susan L. Turner, Tallahassee, for appellant.
John D. Maher, Tallahassee, for appellee Unemployment Appeals Com'n.
No appearance, for appellee Walters.
Before BARKDULL, COPE and GODERICH, JJ.
PER CURIAM.
Commonwealth Life Insurance appeals a final order of the Florida Unemployment Appeals Commission which found appellee Donovan Walters eligible for unemployment benefits. We affirm.
Commonwealth argues that Walters, the former employee, is ineligible for unemployment benefits by virtue of subparagraph 443.036(19)(n)(13), Florida Statutes (1989). The cited exclusion applies to "[s]ervice performed by an individual for a person as an insurance agent or as an insurance solicitor, if all such service performed by such individual for such person is performed for remuneration solely by way of commission." Id. (emphasis added). Here, the employee received employer-paid insurance benefits in addition to commissions. As his remuneration was not solely by way of commission, the exclusion does not apply.
Commonwealth urges, however, that we should read the statutory term "wages" into the definition just quoted, in place of the word "remuneration." See § 443.036(33), Florida Statutes (1989) (defining "wages"). Since the definition of "wages" excludes the insurance benefits at issue here, substitution of "wages" for "remuneration" would make the exclusion applicable to the former employee.
*644 We agree with the Commission that the statute cannot be so read. "Wages" is a term of art under the statute. The legislature's decision to use the broader, generic term "remuneration"[*] rather than the statutorily defined term "wages" must be given effect. Were there doubt, we would be obliged in any event to construe the statute in favor of the claimant. Baeza v. Pan American/Nat'l Airlines, Inc., 392 So.2d 920, 923 (Fla.3d DCA 1980).
Affirmed.
NOTES
[*] The term "remuneration" is used within the definition of "wages" under the statute, but the two terms are not used synonymously. Some remuneration is excluded from the definition of wages. See id. § 443.036(33)(b)(1).