Carl H.A. SANDT, Plaintiff Below–Appellant,

v.

DELAWARE SOLID WASTE AUTHORITY, Raytheon Service Company, and George W. Wetterau, Defendants Below–Appellees.

No. 339, 1993.

Supreme Court of Delaware.

Submitted: March 15, 1994.
Decided: May 17, 1994.

---

Douglas B. Catts and William W. Pepper (argued), Schmittinger & Rodriguez, P.A., Dover, for appellee DE Solid Waste Authority.

Before VEASEY, C.J., MOORE and WALSH, JJ.

VEASEY, Chief Justice:

In this interlocutory appeal, we address two issues: (1) whether the Delaware Solid Waste Authority ("DSWA") is an "agency" of the State of Delaware for purposes of qualifying for sovereign immunity under the Delaware Tort Claims Act, 10 *Del.C.* § 4001 *et seq.* (the "Tort Claims Act"); and (2) if the DSWA is an "agency," whether its sovereign immunity has been waived. The Superior Court held that the DSWA is a state agency, and that its sovereign immunity has not been waived. The Superior Court therefore granted the DSWA's motion for summary judgment. We hold that the Superior Court was correct in holding that the DSWA is a state agency, but that the court erred by not finding that the DSWA's sovereign immunity was waived by the General Assembly, which provided in 7 *Del.C.* § 6406(a)(5) that the DSWA has the power to "[s]ue and be sued."

## I. FACTS

Appellant Carl H.A. Sandt ("Sandt") is an employee of an independent contractor working for Raytheon Service Company ("Raytheon"). At approximately 10:55 p.m. on March 1, 1989, Sandt began to cross a street, Resource Lane, on his way from the parking lot where he parked his car to the Delaware Reclamation Plant (the "Plant") where he worked. While walking across the street, Sandt was struck by a vehicle driven by George Wetterau ("Wetterau"). Wetterau was driving approximately 35 to 45 miles per hour, well in excess of the 25 miles per hour speed limit.

The Plant and the surrounding land, including the portion of Resource Lane where the accident occurred, is owned by the

Edward B. Carter, Jr. (argued), Kimmel, Weiss and Carter, P.A., Wilmington, for appellant.

DSWA.[1] Raytheon operates the Plant pursuant to a contract with the DSWA. The DSWA has a one million dollar liability policy covering accidents such as the one involving Sandt. At oral argument before the Superior Court, counsel for the DSWA conceded that this policy covers the type of action Sandt is bringing.

Sandt filed suit against the DSWA, Raytheon, and Wetterau. Sandt claimed that the DSWA was negligent in failing to maintain a safe entrance to the Plant. The DSWA moved for summary judgment on the ground that it was protected by sovereign immunity under the Tort Claims Act. In its opinion dated August 25, 1993, the Superior Court granted the DSWA's motion for summary judgment. The Superior Court found that the DSWA was a state agency under section 4001 of the Tort Claims Act and that its sovereign immunity had not been waived under 18 *Del.C.* § 6511 because that section applies only to insurance purchased under the state insurance coverage program, not to the insurance purchased separately by the DSWA. Sandt timely filed an application for certification of an interlocutory appeal from the Superior Court's decision, which appeal this Court accepted by order dated September 29, 1993.

## II. WHETHER THE DSWA IS AN AGENCY OF THE STATE FOR PURPOSES OF THE TORT CLAIMS ACT

The issues raised in this appeal present questions of statutory construction, which are reviewed by this Court *de novo*. *Grand Ventures, Inc. v. Whaley*, Del.Supr., 632 A.2d 63, 66 (1993). "In the construction of a statute, this Court has established as its standard the search for legislative intent. Where the intent of the legislature is clearly reflected by unambiguous language in the statute, the language itself controls." *Spielberg v. State*, Del.Supr., 558 A.2d 291, 293 (1989) (citation omitted).

■ The Tort Claims Act does not define the term "agency of the State" as used in 10 *Del.C.* § 4001. There is also no decision of a Delaware Court (other than the Superior Court's opinion in this action) specifically addressing whether the DSWA is an "agency" for purposes of section 4001 of the Tort Claims Act. Nevertheless, an analysis of the nature of the DSWA shows that the Superior Court was correct in concluding that the DSWA is a state agency under the Act.

The purpose, structure, powers, and other attributes of the DSWA are set forth in Chapter 64 of Title 7 of the Delaware Code. Various provisions in Chapter 64 illustrate the connection between the DSWA and the State. For example, the Governor appoints the seven directors who constitute the DSWA. 7 *Del.C.* § 6403(a). Each director is indemnified by the State for expenses and amounts paid in any suit or proceeding in which the director is a party by reason of his or her being a director of the DSWA. 7 *Del.C.* § 6426(a). Furthermore, all members of the staff of the DSWA are covered by the state's pension plan. 7 *Del.C.* § 6405(e).

The DSWA is described in 7 *Del.C.* § 6403(a) as "a body politic and corporate constituting a public instrumentality of the State established and created for the performance of an essential public and governmental function...." This language is similar to that used by the General Assembly to describe other "Authorities" under the Delaware Code. *E.g., 2 Del.C.* § 1304(a) (describing the Delaware Transportation Authority as "a public instrumentality of the State" and a "body corporate and politic" which exercises "public and essential governmental functions"); 16 *Del.C.* § 9204(a) (stating that the Delaware Health Facilities Authority constitutes "a public instrumentality" and "a body politic and corporate" that performs "an essential public function").

The General Assembly's description of the DSWA in 7 *Del.C.* § 6403(a) strongly suggests that the General Assembly intended it to be considered a state agency. In *Wilmington Housing Auth. v. Williamson*, Del.

---

1. In addition, the DSWA agreed to maintain Resource Lane under an agreement with New Castle County dated September 10, 1987.

Supr., 228 A.2d 782 (1967), this Court addressed whether the Wilmington Housing Authority (the "WHA") constituted a "state agency" entitled to sovereign immunity or a "municipal corporation" which is not so entitled. In holding that the WHA was a state agency, Chief Justice Wolcott explained:

> The [WHA] is described by law as **"a body both corporate and politic, exercising public powers."** It is nowhere described as a "municipal corporation." The terms "public corporate body" and "public corporation" are generic; they describe any corporate instrumentality created by the State for public purposes and with the object of administering a portion of the powers of the State.... **We think it clear that the [WHA] is a state agency created to discharge a public object essential to the public interest.** As such, it may raise the defense of sovereign immunity to suit unless that defense has been waived by act of the General Assembly.

*Id.* at 787 (citations omitted) (emphasis added).[2] This reasoning and conclusion are equally applicable to the DSWA.

The terms "agency" and "state agency" are broadly defined for other purposes in a number of provisions of the Delaware Code. One such definition states:

> "State agency" means any office, department, board, commission, committee, court, school district, board of education and all public bodies existing by virtue of an act of the General Assembly or of the Constitution of the State....

29 *Del.C.* § 5804(9). Another statutory definition provides as follows:

> The term "agency," as used in [Chapter 61 of Title 29], shall include every board, department, bureau, commission, person or group of persons or other authority created and now existing ... to execute, supervise, control and/or administer governmental functions under the laws of this State....

29 *Del.C.* § 6101. Although these definitions do not control the meaning of the term "agency of the State" as used in the Tort Claims Act, they demonstrate the General Assembly's intent to ascribe an expansive meaning to the term "state agency."

Sandt relies on the decision of the United States District Court for the District of Delaware in *Harvey & Harvey, Inc. v. Delaware Solid Waste Auth.*, 600 F.Supp. 1369 (1985), where Chief Judge Stapleton held that the DSWA was not "an arm of the State" for purposes of the Eleventh Amendment of the United States Constitution. That issue, however, is distinct from the one presented here. The fact that the DSWA is not an "arm" of the State does not control whether or not it is an "agency" of the State. This distinction is highlighted by the test used to determine whether an agency is an "arm" of the State under the Eleventh Amendment. Specifically, the test looks at "the relationship between **the agency** and the state" and the "degree of autonomy that **an agency** exercises over its operations." *Id.* at 1373–74 (emphasis added). It is therefore evident that a state organization can be an "agency" even though it is not "an arm of the State" under the Eleventh Amendment.

Finally, this Court has previously characterized the DSWA as a state agency in *Delaware Solid Waste Auth. v. News–Journal Co.*, Del.Supr., 480 A.2d 628 (1984). When describing the issue presented in that case, the Court stated that "[t]he principal issue is whether standing committees **of a State agency** are public bodies under section 10002(a) of the [Freedom of Information] Act, and thus subject to its open meeting provisions." *Id.* at 628 (emphasis added). Although the issue before the Court in that case was whether or not the DSWA was a "public body," which it was found to be, the description of the DSWA as a state agency is consistent with the Superior Court's decision and our holding herein.

Therefore, in light of the nature of the DSWA, the reasoning of the *WHA v. Wil-*

---

**2.** Although *WHA v. Williamson* was decided prior to the adoption of the Tort Claims Act, its holding regarding the characteristics of a state agency was not impacted by the passage of the Act. Indeed, this Court recently treated the WHA as a governmental entity subject to protection under the Tort Claims Act, though we held that its rental units were "public buildings" as to which immunity is waived. *Moore v. Wilmington Housing Auth.*, Del.Supr., 619 A.2d 1166 (1993).

*liamson* decision, and the legislative intent gleaned from definitions of "agency" elsewhere in the Delaware Code, we hold that the DSWA is an "agency of the State" for purposes of the Tort Claims Act.

### III. WHETHER THE GENERAL ASSEMBLY HAS WAIVED THE IMMUNITY OF THE DSWA BY PROVIDING THAT IT CAN SUE OR BE SUED

■■■■ Sandt asserts on appeal that any immunity of the DSWA was waived by the General Assembly because it provided that the DSWA has the power to "[s]ue and be sued." 7 *Del.C.* § 6406(a)(5). The DSWA argues that this contention was not fairly presented below and is therefore barred by Supreme Court Rule 8.[3] We need not decide whether this argument was fairly raised below, because we believe the interests of justice require that we decide the issue for two reasons: (1) the issue is outcome-determinative and may have significant implications for future cases; and (2) our consideration of the issue will promote judicial economy because it will avoid the necessity of reconsidering the applicability of sovereign immunity in the event that Wetterau or Raytheon are found liable and seek contribution from the DSWA. *See* Supr.Ct.R. 8.

With respect to the merits of the issue, this Court held in *WHA v. Williamson* that the General Assembly waived the sovereign immunity of a state agency by providing it with the power to sue or be sued. 228 A.2d at 787. A similar decision was reached in *Dept. of Community Affairs and Economic Dev. v. M. Davis & Sons, Inc.,* Del.Supr., 412 A.2d 939 (1980), where this Court held that a mechanics' lien could be asserted against the Department of Community Affairs and Economic Development because the General Assembly waived such Department's immunity from suit by authorizing it to sue and be

sued. *Id.* at 943. Furthermore, the United States District Court for the District of Delaware in *Harvey & Harvey v. DSWA* noted that "Section 6406(5) of the Act can be read as consent to state court suits...." 600 F.Supp. at 1373. Although this observation is *dictum* because the Delaware District Court in *Harvey* was focusing on Eleventh Amendment immunity, it is nevertheless consistent with the decisions of this Court interpreting the effect of an agency having the power to "sue or be sued."

In 1979, the General Assembly passed subchapter II of the Tort Claims Act. This subchapter, which applies to county and municipal entities, states: "That a governmental entity has the power to sue or be sued, whether appearing in its charter or statutory enablement, shall not create or be interpreted as a waiver of the immunity granted **in this subchapter**." 10 *Del.C.* § 4011(a) (emphasis added).[4]

The DSWA is a state agency, and therefore is not subject to the disclaimer stated in 10 *Del.C.* § 4011(a). State agencies are governed by subchapter I of the Tort Claims Act, which contains no provision comparable to 10 *Del.C.* § 4011(a). The Superior Court has recognized that the absence of a "sue and be sued disclaimer" in subchapter I demonstrates that the General Assembly intended the provision in 10 *Del.C.* § 4011(a) to apply only to county and municipal entities, not to state agencies. *Masten v. State,* Del.Super., 626 A.2d 838, 843 (1991), *aff'd mem.,* Del. Supr., 616 A.2d 1214 (1992). In *Masten,* the Superior Court held that the General Assembly waived the sovereign immunity of the Ferris School[5] because it was given the power to sue and be sued. *Id.* at 843–44. This Court affirmed the Superior Court's decision in *Masten* based on the well-reasoned decision below. *State v. Masten,* Del.Supr., 616

---

**3.** Supreme Court Rule 8 provides that "[o]nly questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider and determine any question not so presented."

**4.** As a result of 10 *Del.C.* § 4011(a), the specific holding in *WHA v. Williamson* that the WHA, a

municipal agency, could not assert sovereign immunity is no longer applicable. Nevertheless, the reasoning in *WHA v. Williamson* remains valid.

**5.** The Ferris School is an institution operated by the State under the administrative control of the Department of Services for Children, Youth and Their Families. 29 *Del.C.* § 9011(b)(1).

A.2d 1214, Moore, J. (Oct. 13, 1992) (Moore, J.) (*en Banc*).

The decisions of this Court and the Superior Court have consistently held that the sovereign immunity of a state agency is waived if it has the statutory power to sue and be sued. Because the General Assembly clearly provided in 7 *Del.C.* § 6406(a)(5) that the DSWA has the power to "[s]ue and be sued," we hold that the DSWA is not immune from suit under the Tort Claims Act by reason of express legislative waiver.[6]

## IV. CONCLUSION

The Superior Court was correct in holding that the DSWA is an "agency of the State" for purposes of the Tort Claims Act based on the nature of the DSWA, the legislative intent evinced by the broad definitions of "state agency" in other sections of the Dela-

ware Code, and this Court's decision in *WHA v. Williamson*. Nevertheless, the General Assembly affirmatively waived the sovereign immunity of the DSWA by providing in 7 *Del.C.* § 6406(a)(5) that it has the power to sue and be sued. The Superior Court's holding that the DSWA was immune from suit under the Tort Claims Act was therefore erroneous. Accordingly, the Superior Court's decision granting the DSWA's motion for summary judgment is REVERSED and this matter is REMANDED for further proceedings consistent with this opinion.

---

**6.** In light of our holding that the General Assembly waived the sovereign immunity of the DSWA, we need not address Sandt's alternative argument that the DSWA's purchase of insurance waived its sovereign immunity under 18 *Del.C.* § 6511.