**STATE of Delaware, DEPARTMENT OF LABOR, DIVISION OF UNEMPLOYMENT INSURANCE, Appellee Below, Appellant,**

v.

**Martin REYNOLDS and Charles Barba, Appellants Below, Appellees.**

No. 97, 1995.

Supreme Court of Delaware.

Submitted: Sept. 19, 1995.
Decided: Oct. 30, 1995.

James J. Maxwell (argued), Delaware Department of Justice, Wilmington, for Appellant, Department of Labor, Division of Unemployment Insurance.

James J. Hanley, Delaware Department of Justice, Wilmington, for Unemployment Insurance Appeal Board.

Eileen M. Ford (argued), Mattleman, Greenberg, Shmerelson, Weinroth & Miller, Wilmington, for Appellees, Reynolds and Barba.

Before VEASEY, C.J., HOLLAND and HARTNETT, JJ.

HARTNETT, Justice.

## I.

In this interlocutory appeal, the State Department of Labor, Division of Unemployment Insurance ("the Division") appeals a Superior Court ruling holding that the Delaware Unemployment Compensation Act, 19 Del.C. Chapter 33 ("The Unemployment Compensation Act"), does not exclude Appellees, insurance agents who are paid commissions, from being eligible for unemployment compensation benefits because they receive remuneration in addition to their commissions. We find that the Court Below correctly construed the statute. Correspondingly, the judgment of the Superior Court is **AFFIRMED.**

## II.

Appellees, Martin Reynolds ("Reynolds") and Charles Barba ("Barba"), were employed by Prudential Insurance Company ("Prudential"). During the course of their employment, they were paid commissions based on their sales of insurance policies. In addition to their commissions, they received benefits in the form of life insurance, health insurance, disability insurance, pension plan benefits, paid vacations and educational allowances. Prudential also provided them with an office, clerical assistance, a telephone and business cards.

Reynolds and Barba sought unemployment benefits after being discharged by Prudential.[1] A Claims Deputy for the Division ruled

---

1. Appellees were first denied unemployment compensation because they were found to have been discharged from Prudential for just cause. That decision was later reversed and is not now an issue.

that they were not eligible for unemployment benefits holding that, because they received commissions, they were not engaged in "covered employment" under the Unemployment Compensation Act. This ruling was upheld by both an Appeals Referee and the Unemployment Insurance Appeal Board ("Board").

On appeal, the Superior Court reversed the decision of the Board and remanded the matter. *Martin Reynolds and Charles Barba v. Prudential Insurance Co. and the Unemployment Insurance Appeal Board,* Del.Super., C.A. Nos. 92A–12–006 and 92A–12–007, 1995 WL 156203, Toliver, J. (March 6, 1995). This interlocutory appeal followed and we accepted certification. Sup.Ct.R. 42(d).

The Superior Court concluded that Reynolds and Barba were entitled to receive unemployment benefits, holding that their services to Prudential constituted "covered employment" under the statute. The Superior Court determined that the services performed by Reynolds and Barba were not excluded services under 19 Del.C. § 3302(10)(H) because, in addition to the commissions they earned from the sale of insurance, they received remuneration in the form of paid vacations, educational allowances and insurance.

### III.

■ The Superior Court's holding is based entirely upon its construction of the statute. A trial court's construction of a statute is subject to *de novo* review for legal error. *Acierno v. Worthy Bros. Pipeline Corp.,* Del. Supr., 656 A.2d 1085, 1088 (1995); *Alfieri v. Martelli,* Del.Supr., 647 A.2d 52, 53 (1994). Accordingly, we must determine whether the Superior Court erred as a matter of law in formulating or applying legal principles. *Delaware Alcoholic Bev. Wholesalers, Inc. v. Ayers,* Del.Supr., 504 A.2d 1077, 1081 (1986).

■ The Unemployment Compensation Act "is intended to serve as social insurance for persons unemployed through no fault of their own" and, therefore, "[t]he Act is liberally construed in favor of the employee." *Snead v. Unemployment Ins. Appeal Bd.,*

Del.Supr., 486 A.2d 676, 678 (1984) (citations omitted); 19 Del.C. § 3301.

### IV.

■ In order for Reynolds and Barba to be eligible to receive unemployment benefits under The Unemployment Compensation Act they must have received "wages for employment" within the meaning of the statute. 19 Del.C. § 3313. The issue, therefore, is whether Reynolds and Barba received "wages for employment" in return for the services they performed for Prudential. If all the remuneration they received is precluded from being "wages for employment" then they could not have earned any "wages from employment," and they would not be eligible to receive unemployment benefits.

19 Del.C. § 3302 states in pertinent parts: As used in this chapter, unless the context clearly requires otherwise, the following terms shall have their meaning designated in this section:

\*   \*   \*   \*   \*   \*

(10) "Employment" does not include:

\*   \*   \*   \*   \*   \*

(H) Service performed by an individual for an employer as an insurance agent or real estate agent, or as an insurance solicitor or real estate solicitor, if such service performed by such individual for such employer **is performed for remuneration solely by way of commissions.** (emphasis added).

The Superior Court determined that, although the sums of money received by Reynolds and Barba were entirely based on commissions, they also received fringe benefits. The Superior Court, therefore, held that their remuneration was not **solely by way of commissions.** 19 Del.C. § 3302(10)(H). Reynolds and Barba were, therefore, held to be eligible for unemployment compensation benefits. We agree.

### V.

■ The Superior Court's holding is consistent with the text of Section 3302(10)(H) and in accordance with well established principles of statutory construction.

A court must look to legislative intent when the meaning or intent of a statutory provision is disputed. *Alfieri,* 647 A.2d at 55 (citations omitted). When, however, the text of a statute, in its particular context, is clear, effect must be given to the intent of the General Assembly as expressed in the language used. *Sandt v. Delaware Solid Waste Authority,* Del.Supr., 640 A.2d 1030, 1032 (1994) (citation omitted); *Moses v. Board of Education of New Castle County Vocational Technical School District,* Del.Supr., 602 A.2d 61, 64 (1991); *Balma v. Tidewater Oil Co.,* Del.Supr., 214 A.2d 560, 562 (1965).

■ The intent of the General Assembly is expressed in the text of 19 Del.C. § 3302(10)(H). When the General Assembly excluded from the definition of "employment" those services by insurance agents that were "performed for remuneration solely by way of commission," it clearly excluded only the services of those individuals who ordinarily receive nothing of value from their employer in addition to commissions. The General Assembly's use of the word "solely" manifests the legislative intent to exclude only those agents who are compensated **entirely** by commission. *See Hudson Farms, Inc. v. McGrellis,* Del.Supr., 620 A.2d 215, 217 (1993) (reasoning that when a statute is clear, a court must apply it according to the literal meaning of its words).

The General Assembly could have completely barred insurance agents who receive commissions from receiving unemployment benefits either by using the word "wages" instead of "remuneration" or by omitting the word "solely" in 19 Del.C. § 3302(10)(H). The General Assembly's decision to use the broader term "remuneration" instead of the statutorily defined term "wages" and to insert "solely" must be given effect.[2] *See Bigger v. Unemployment Compensation Commission,* Del.Supr., 53 A.2d 761, 764 (1947) (noting that, where the legislature used the word "work" instead of the statutorily defined term "employment," courts will not assume that such a distinction was made without intending a difference); *Commonwealth*

*Life Insurance v. Walters,* Fla.App. 3rd Dist., 581 So.2d 643, 644 (1991) (declining to substitute the term "wages" for "remuneration" for purposes of statutory interpretation).

### VI.

Courts in other jurisdictions that have examined statutes similar to 19 Del.C. § 3302(10)(H) have reached differing results. In *Frames v. Comm'n. Unemployment Comp. Board of Review,* 68 Pa.Cmwlth. 435, 449 A.2d 789 (1982); and in *Gordon v. DUCB,* D.C., 442 A.2d 107 (1981), the courts found that provisions similar to 19 Del.C. § 3302(10)(H) prevented insurance agents, who received fringe benefits as well as commissions, from receiving unemployment compensation.

■ Those holdings are not persuasive. As previously discussed, when the text of a statute is clear it should be applied according to its language. The courts in *Frames* and *Gordon* ignored the clear text of the applicable statutes and made factual determinations as to what constitutes remuneration. The text of 19 Del.C. § 3302(10)(H) precludes such hairline factual distinctions: insurance agents are *either* remunerated **solely** by commission, or they receive some remuneration, including fringe benefits, in addition to their commissions. Furthermore, even if the intent of 19 Del.C. § 3302(10)(H) is unclear, because it is part of the Delaware Unemployment Compensation Act, it must be construed in favor of the employee. *Snead,* 486 A.2d at 679.

On the other hand, in *Commonwealth Life Insurance v. Walters,* Fla.App. 3rd Dist., 581 So.2d 643, 644 (1991) the Florida Appeals Court correctly construed a statute identical to 19 Del.C. § 3302(10)(H) and declined to exclude from covered employment those commissioned insurance agents who received fringe benefits.

---

**2.** Remuneration is defined as a "[r]eward; recompense; salary; [or] compensation", Black's Law Dictionary, 1165 (5th Ed.1979).

## VII.

■ The State's argument that 19 Del.C. § 3302(10)(H) is inconsistent with 19 Del.C. § 3302(18) is also without merit. The State urges that allowing insurance agents who earn commissions to receive unemployment compensation simply because they receive fringe benefits is contrary to 19 Del.C. § 3302(18) which excludes some fringe benefits from calculable "wages."

■ When there are potentially conflicting sections of a statute, the sections must be read together and harmonized, if possible. *Coastal Barge Corporation v. Coastal Zone Industrial Control Board*, Del.Supr., 492 A.2d 1242 (1985). There is no inconsistency between 19 Del.C. § 3302(10)(H) and § 3302(18).

As noted, 19 Del.C. § 3302(10)(H) excludes from "employment" service performed by an insurance agent if such service is performed for remuneration **solely** by way of commissions. Because Reynolds and Barba received remuneration in addition to commissions, Section 3302(10)(H) does not exclude them from covered employment.

19 Del.C. § 3302(18) states, in pertinent part:

"Wages" does not include:

(B) The amount of any payment with respect to services performed after December 31, 1940, to or on behalf of an individual in its employ under a plan or system established by an employing unit which makes provisions for individuals in its employ generally or for a class or classes of such individuals (including any amount paid by an employing unit for insurance or annuities or into a fund to provide for any such payment) on account of:

(i) Retirement; or

(ii) Sickness or accident disability; or

(iii) Medical and hospitalization expenses in connection with sickness or accident disability; or

(iv) Death, . . .

(C) The payment by an employing unit (without deduction from the remuneration of the individual in its employ) of the tax imposed upon an individual in its employ under § 3101 [26 U.S.C.A. § 3101] of the Federal Internal Revenue Code with respect to services performed after December 31, 1954.

(D) Vacation pay during or incident to any period of unemployment.

19 Del.C. § 3302(18), therefore, excludes certain fringe benefits from being considered "wages" in the determination of the amount of unemployment compensation benefits an individual is eligible to receive. It does not, however, address whether remuneration in addition to commissions permits a life insurance agent to be deemed to have performed services which constitute "covered employment".[3] Although Section 3302(18) prevents certain specific fringe benefits, including health and disability insurance, from being considered wages in the calculation of unemployment benefits, it does not provide that the receipt of these benefits must be ignored in determining whether certain services are excluded from "covered employment" by Section 3302(10)(H).

## VIII.

We, therefore, hold that the General Assembly did not intend to preclude insurance agents who receive commissions, and who receive remuneration in addition to the commissions, from being eligible for unemployment compensation benefits when it enacted 19 Del.C. §§ 3302(10)(H) and 3302(18). Even if there were doubt as to the meaning of these sections, *Snead*, 486 A.2d at 679 would compel a result in favor of **Reynolds** and **Barba.**

The decision of the Superior Court is, therefore, **AFFIRMED.**

---

**3.** 19 Del.C. § 3302(17) expressly includes commissions as wages for purposes of calculating unemployment compensation.