PER CURIAM.
Ellen Shu, a letter carrier with the United States Postal Service, appeals the decision of the Unemployment Appeals Commission (UAC) reversing the Appeals Referee’s decision and holding Shu was disqualified from receipt of benefits because she was on a *109 leave of absence which she voluntarily initiated. We reverse the UAC’s Order and remand for reinstatement of benefits.
During the first eight weeks of her pregnancy, Shu’s employer requested she have a form completed by her physician outlining physical restrictions imposed on Shu by her physician. Shu’s physician restricted her from being in the heat for more than three hours, lifting moderate to heavy weights (over twenty pounds), and climbing. These restrictions prohibited Shu from continuing as a letter carrier; however, Shu told her branch manager, Robert Kunkel, she wanted to work until her due date answering phones or sorting mail as she did during a previous pregnancy. Kunkel responded by sending Shu a letter which provided in pertinent part:
I have received and reviewed your request for light duty from July 25, 1996 through March 2,1997.
Light duty will not be available for you between the dates of your doctor’s request.
Based upon your medical restrictions and your job requirements as a letter carrier, there is currently no work available. However, if your medical condition should change, please submit the appropriate updated medical certification and request for light duty so subsequent review and consideration can be given.
If no additional documentation is presented, you will return to full duty status on March 2,1997.
The Appeals Referee concluded Shu was not on a bona fide leave of absence because her employer did not address the date of her return to work or the position she would assume on returning. We agree with the UAC that this finding was not supported by competent substantial evidence; rather Kunkel’s letter provided Shu would return to full duty status on March 2, 1997. The fact Shu was guaranteed a position on return to work and told by her employer when she was expected to return means Shu’s leave of absence was bona fide. Goodman v. Engle Homes, Inc., 621 So.2d 523 (Fla. 4th DCA 1993).
However, we disagree with the UAC’s conclusion Shu “voluntarily initiated” her leave of absence. Section 443.101(l)(c), Florida Statutes (1995) disqualifies claimants from receiving unemployment compensation benefits “[f]or any week with respect to which the division finds that his unemployment is due to a leave of absence, if such leave was voluntarily initiated by such individual.” § 443.101(l)(c), Fla. Stat. (1995) (emphasis added). As a disqualifying provision, section 443.101(l)(c) should be narrowly construed. St. Joe Paper Co. v. Gautreaux, 180 So.2d 668 (Fla. 1st DCA 1965).
No Florida appellate court has directly addressed the issue of interpretation of section 443.101(l)(c), although the third district has concluded flight attendants required by a collective bargaining agreement to take a leave of absence during pregnancy were not automatically unavailable for work. Baeza v. Pan American/National Airlines Inc., 392 So.2d 920 (Fla. 3d DCA 1980). In the instant case, Shu testified she did not request to be put on leave, rather she informed her employer she wanted to continue working. Shu was not automatically unavailable for work. Under the facts of this case, it is difficult to understand how Shu could have initiated a leave she expressly opposed. Therefore, we reverse the UAC’s order and remand for reinstatement of unemployment compensation benefits.[1]
DELL, POLEN and STEVENSON, JJ., concur.

. Although we have found no other Florida cases on point, decisions from other states would support eligibility for benefits in similar circumstances. See Defeo v. Commonwealth of Pennsylvania Unemployment Compensation Board of Review, 38 Pa.Cmwlth. 161, 392 A.2d 337 (1978); Kibble v. Employment Division, 36 Or.App. 243, 584 P.2d 340 (1978).