**CENTRAL SPECIALTIES, INC., Relator,**

v.

**COMMISSIONER OF ECONOMIC SECURITY, Respondent.**

No. C4–00–989.

Court of Appeals of Minnesota.

Feb. 27, 2001.

Kyle E. Hart, Dereck R. Brower, Fabyanske, Westra & Hart, P.A., Minneapolis, MN, for relator.

Kent E. Todd, St. Paul, MN, for respondent-commissioner.

Considered and decided by WILLIS, Presiding Judge, SHUMAKER, Judge, and HUSPENI, Judge.*

## OPINION

GORDON W. SHUMAKER, Judge

Relator Central Specialties, Inc. challenges the commissioner's representative's determination ·that Minn.Stat. § 268.057, subd. 7(a) (1998), permits adjustment without interest where the adjustment was for a tax paid under protest. We affirm.

## FACTS

Relator Central Specialties, Inc. was one of four companies owned by a group of family members. When three of the companies laid off most of their employees, relator hired many of them to work for it. That prompted the Commissioner of Economic Security to treat relator as a successor to those companies and to charge their reemployment experience ratings to rela-

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to    Minn. Const. art. VI, § 10.

tor. The commissioner then redetermined relator's unemployment tax rate and assessed an additional $500,161. Relator paid the tax under protest. Ultimately, this court held that relator was not the successor to the other three companies and that the commissioner could not charge their experience rating to relator. *Central Specialties, Inc. v. Commissioner of Econ. Sec.,* C2–98–2027, 1999 WL 326197 (Minn.App. May 25, 1999), *review denied* (Minn. Aug. 17, 1999).

After our decision, relator asked the department of economic security to refund the erroneously paid tax and to include interest. Characterizing the matter as a "processing error," the commissioner adjusted relator's unemployment tax account by refunding $500,094.65, without interest. Upon administrative review, the commissioner's representative ruled that the law does not provide for interest on an employer's overpayment of a tax when the department refunds the overpayment. Contending that it is entitled to interest on the overpayment, relator appeals.

### ISSUE

Minn.Stat. § 268.057, subd. 7(a) (1998), provides that the department of economic security does not have to pay interest on a refund of an unemployment compensation tax payment when the employer applies for the refund and the commissioner determines that the employer paid the tax in error. Does this statute apply when the court of appeals, rather than the commissioner, determines the error that caused a tax overpayment but the commissioner determines the refund to which the employer is entitled?

### ANALYSIS

■ The commissioner's representative's findings will not be disturbed if there is evidence reasonably tending to support them. *Tuff v. Knitcraft,* 526 N.W.2d 50, 51 (Minn.1995). We are not bound by the commissioner's representative's conclusions of law. *Ress v. Abbott Northwestern*

*Hosp., Inc.,* 448 N.W.2d 519, 523 (Minn. 1989). Statutory construction and interpretation present a question of law which we review de novo. *See St. Otto's Home v. Minnesota Dep't of Human Servs.,* 437 N.W.2d 35, 39–40 (Minn.1989) (requiring de novo review of agency decision involving questions of law); *Arvig Tel. Co. v. Northwestern Bell Tel. Co.,* 270 N.W.2d 111, 114 (Minn.1978) (explaining statutory interpretation presents legal question).

■ Courts interpret statutes to ascertain and effectuate legislative intent. Minn.Stat. § 645.16 (1998); *see also Klein Bancorporation, Inc. v. Commissioner of Revenue,* 581 N.W.2d 863, 866 (Minn.App. 1998), (noting that "[w]e presume plain and unambiguous statutory language manifests legislative intent.") (citation omitted), *review denied* (Minn. Sept. 22, 1998). When a statute is free of ambiguity, we look only at its plain language. *Tuma v. Commissioner of Econ. Sec.,* 386 N.W.2d 702, 706 (Minn.1986).

The commissioner contends that the law pertaining to refunds of unemployment compensation taxes controls here:

> If an employer makes an application for a credit adjustment of any amount paid as taxes or interest thereon * * *, and the commissioner determines that the payment or any portion was erroneous, the commissioner shall make an adjustment and issue a credit without interest. If a credit cannot be used, the commissioner shall refund, without interest, the amount erroneously paid. The commissioner, on the commissioner's own motion, may make a credit adjustment or refund under this subdivision.

Minn.Stat. § 268.057, subd. 7(a) (1998).

Relator argues that the statute does not apply because (1) relator did not make an "application" for an adjustment and (2) the commissioner never determined the erroneous payment. Rather, relator urges, it made the payment under protest and the court of appeals determined the erroneous payment.

■ The statute contains no special definition of "application," nor does it pre-

scribe any particular form or method of seeking an adjustment. In its letter of February 6, 1998, relator protested the commissioner's redetermination of relator's tax and requested specific adjustments if relator succeeded on appeal. We believe this letter fits the ordinary use of the word "application." The fact that relator is protesting the tax does not change our conclusion. The statute deals with the procedure for claiming credits and refunds for erroneous payments. A protest of a tax determination coupled with the reason for the protest would seem to be a normal, logical component of an application for a credit adjustment.

In the previous appeal, we held that the evidence did not support a conclusion that there was a sufficient interrelationship among the four companies to justify a transfer of the experience ratings of three of them to relator. Without the experience ratings of three other companies, relator would be liable for a lower tax. We did not deal with the issue of the amount of tax, if any, that relator was liable for.

After we held that the basis for relator's experience rating was improper, the commissioner recalculated the tax and determined that relator was entitled to a refund of a portion of the tax paid. Thus, the commissioner participated in the determination of the erroneous payment and we believe that participation satisfies the statute that evinces a legislative intent not to require interest on refunds of erroneously collected unemployment compensation taxes.

### DECISION

Because the terms of Minn.Stat. § 268.057, subd. 7(a) (1998), prohibit payment of interest on over-payments of taxes, relator Central Specialties, Inc. is not entitled to payment of interest for taxes that it over-paid under protest.

**Affirmed.**