**David D. SAMUELSON, Relator,**

v.

**PRUDENTIAL REAL ESTATE,**
**Respondent,**

**Commissioner of Employment and Economic Development, Respondent.**

**No. A04–1416.**

Court of Appeals of Minnesota.

May 31, 2005.

David D. Samuelson, Virginia, MN, pro se relator.

Prudential Real Estate, St. Louis Park, MN, respondent.

Lee B. Nelson, Linda A. Holmes, St. Paul, MN, for respondent Commissioner of Employment and Economic Development.

Considered and decided by
TOUSSAINT, Chief Judge;
KALITOWSKI, Judge; and KLAPHAKE, Judge.

## OPINION

KALITOWSKI, Judge.

Relator David Samuelson challenges the decision by the commissioner's representative that he was a noncovered employee and therefore not entitled to establish an unemployment benefits account.

## FACTS

Relator, an insurance salesperson, was employed by respondent Prudential Real Estate from March 1984 through August 20, 2003, when he was terminated. Relator applied for unemployment benefits and the department determined he was disqualified because he had been discharged for employment misconduct. He appealed to the unemployment law judge (ULJ), who affirmed. Relator appealed to the commissioner's representative, who remanded to the ULJ for a new evidentiary hearing on the issue of whether the employment relator performed constituted "noncovered employment" under Minn. Stat. § 268.035, subd. 20(26) (2002).

At the hearing before the ULJ, relator testified that his pay rate was based primarily on commission, but that: (1) his employer provided health, short-term disability, and dental insurance, as well as workers' compensation insurance, for a benefits package worth approximately $8,000; and (2) his employer considered relator to be a common-law employee and paid unemployment taxes. The ULJ determined that relator's employment as an insurance salesperson was noncovered employment because he was paid solely by commission. Relator appealed to the commissioner's representative, who affirmed. This certiorari appeal followed. Respondent commissioner did not file a brief, but instead advised this court by letter that respondent's position on the issue had changed and respondent did not object to a reversal.

## ISSUE

Was relator's employment noncovered employment under Minn.Stat. § 268.035, subd. 20(26) (2002)?

## ANALYSIS

Statutory interpretation is a question of law reviewed de novo. *Harms v. Oak*

*Meadows*, 619 N.W.2d 201, 202 (Minn. 2000). The object of statutory interpretation "is to ascertain and effectuate the intention of the legislature." Minn.Stat. § 645.16 (2004); *Central Specialties, Inc. v. Comm'r of Econ. Sec.*, 622 N.W.2d 833, 835 (Minn.App.2001), *review denied* (Minn. May 15, 2001). "When the words of a law in their application to an existing situation are clear and free from all ambiguity, the letter of the law shall not be disregarded under pretext of pursuing the spirit." Minn.Stat. § 645.16. Words are to be construed according to their common and approved usage, but technical words are construed according to their special meaning or definition. Minn.Stat. § 645.08(1) (2004).

 To establish an unemployment benefits account, an applicant must earn a certain minimum amount of wage credits. "Wage credits" are defined as "the amount of wages paid within an applicant's base period for covered employment." Minn. Stat. § 268.035, subd. 27 (2002). Generally, covered employment includes employment performed in Minnesota, unless it is excluded as noncovered employment. Minn.Stat. § 268.035, subd. 12 (2002) (covered employment); *see* Minn.Stat. § 268.035, subd. 20 (2002) (noncovered employment). Thus, one who works in noncovered employment may not establish an unemployment benefits account.

The statute includes a long list of employment that is noncovered. *See* Minn. Stat. § 268.035, subd. 20. In the provision at issue here, the statute provides that noncovered employment includes "employment as an insurance salesperson, by other than a corporate officer, if all the compensation for the employment is solely by way of commission." *Id.*, subd. 20(26); *see also id.*, subd. 20(28) (similar provision for real estate salesperson).

The issue here is whether "compensation" refers only to money the salesperson received from commissions, or whether it includes remuneration from the employer's payment for benefits such as health, disability, and dental insurance. Relator asserts that he was not compensated *solely* by commission because his employer provided health, short-term disability, and dental insurance, as well as workers' compensation insurance, for a benefits package worth approximately $8,000.

We must first examine the statutory language at issue. While the unemployment statute does not define the word "compensation," the law dictionary defines compensation as: "Remuneration and other benefits received in return for services rendered; esp., salary or wages." *Black's Law Dictionary* 277 (7th ed.1999). In contrast, wages are defined by statute as follows:

[A]ll compensation for services, including commissions; bonuses; severance payments; vacation and holiday pay; back pay as of the date of payment; tips and gratuities paid to an employee by a customer of an employer and accounted for by the employee to the employer; sickness and accident disability payments, except as otherwise provided in this subdivision; and the cash value of all compensation in any medium other than cash....

Minn.Stat. § 268.035, subd. 29 (Supp. 2003). In addition, there are a number of specific exclusions from the definition of wages, including payments made on behalf of the employee under a plan established by an employer providing for employees generally, "including any amount paid by an employer for insurance or annuities, or into a plan, to provide for a payment, on account of (i) retirement or (ii) medical and hospitalization expenses in connection with

sickness or accident disability, or (iii) death." *Id.,* subd. 29(1).

While this is a case of first impression in Minnesota, we find persuasive the reasoning of a Delaware court that addressed the same issue as presented in this appeal. *See State v. Reynolds,* 669 A.2d 90 (Del. 1995). In *Reynolds* the applicants were paid commissions based on their sale of insurance policies, and they also received various benefits, including life insurance, health insurance, disability insurance, pension plan benefits, paid vacations, and educational allowances. *Id.* at 91. Under Delaware law, employment did not include "[s]ervice performed by an individual for an employer as an insurance agent or real estate agent ... if such service performed by such individual for such employer is performed for remuneration solely by way of commissions." *Id.* at 92 (quoting Del. Code Ann. tit. 19, § 3302).

The *Reynolds* court held that the exclusion clearly applied only to "the services of those individuals who ordinarily receive nothing of value from their employer in addition to commissions" and that the "General Assembly's use of the word 'solely' manifests the legislative intent to exclude only those agents who are compensated *entirely* by commission." *Id.* at 93. The court further noted that the legislature could have completely barred insurance agents who receive commissions from receiving unemployment benefits either by using the word "wages" instead of "remuneration" or by omitting the word "solely." *Id.* The court determined that the decision to use the broader term "remuneration" and to insert "solely" must be given effect. *Id.*

Finally, the *Reynolds* court rejected the argument that the definition of "wages," which excluded some fringe benefits from calculable wages, should be applied to likewise exclude some fringe benefits from the definition of remuneration. *Id.* at 94. The court found the section defining "wages" did not address the issue of "remuneration." *Id.*

Applying the same reasoning, we conclude that because the Minnesota legislature chose to use the word "compensation" in Minn.Stat. § 268.035, subd. 29, rather than the term "wages," the statutory definition of wages does not control the meaning of "compensation." Rather, compensation is defined by its common meaning: "[r]emuneration and *other benefits.*" *Black's* at 277 (emphasis added). Further, as in Delaware, the legislature here provided that noncovered employment was established when compensation was "solely" from commissions. Thus, as in *Reynolds,* relator's benefits package here included compensation in addition to commissions.

Following *Reynolds* we conclude that where an insurance salesperson receives additional employer-paid compensation by way of benefits, the employment is not noncovered employment under Minn.Stat. § 268.035, subd. 20(26), and that relator is not prohibited from establishing an unemployment benefits account.

## DECISION

An insurance salesperson who is compensated by commission and an employer-provided benefits package is engaged in covered employment for purposes of establishing an unemployment benefits account. Therefore, the decision by the commissioner's representative that relator engaged in noncovered employment is reversed and the matter is remanded for further proceedings.

**Reversed and remanded.**